THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LESTER DEAN O'TOOLE, Defendant-Appellant.

Fourth District  No. 4—88—0029

Opinion filed September 28, 1988.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate De-
fender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle,
Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Ap-
pellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant appeals the denial of his petition for relief under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) alleging his guilty plea was neither voluntary nor intelligent.

■■ The State argues defendant's appeal should be dismissed since the trial court denied his post-conviction petition on December 11, 1987, and the notice of appeal was filed on January 12, 1988, more than 30 days later, citing *People v. Williams* (1980), 82 Ill. App. 3d 681, 402 N.E.2d 440. Rule 651(b) (107 Ill. 2d R. 651(b)) provides that the clerk of the trial court shall mail or deliver to petitioner a notice of adverse judgment on a post-conviction petition and shall therein specify the date of judgment and notify the petitioner of his appeal rights. The record does not show defendant was informed of the 30-day notice of appeal limitation by the circuit clerk, nor was he admonished of this time limitation at the hearing on his petition, when it was taken under advisement. As the record does not show compliance with the requirement of notice to defendant, we hold the notice of appeal timely filed within the rules. *People v. Allen* (1972), 7 Ill. App. 3d 249, 287 N.E.2d 171; *cf. People v. Williams* (1974), 59 Ill. 2d 243, 320 N.E.2d 13.

Defendant, born September 11, 1947, was charged with having committed the offenses of rape (Ill. Rev. Stat. 1983, ch. 38, par. 11—1(a)), a Class X felony, and indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(1)), a Class 1 felony, by committing an act of sexual intercourse with his 14-year-old sister on March 31, 1984. On June 22, 1984, pursuant to plea negotiations, defendant entered a plea of guilty to the offense of indecent liberties with a child and the State dismissed the count charging the defendant with rape. The transcript of the June 22, 1984, plea proceedings show the defendant was admonished of various matters under Rule 402 (107 Ill. 2d R. 402), but was not admonished of the minimum or maximum terms of imprisonment for the charges against him, or of the term of mandatory supervised release (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(d)). Defendant was advised that under the agreement he would be sentenced to "a flat ten years." Statute mandates defendant's sentence include a two-year term of mandatory supervised release, based on his plea of guilty to a Class 1 felony.

At hearing on the post-conviction petition, the State adduced testimony from the attorney who represented defendant in the plea proceedings that he had advised the defendant before entry of the plea that the sentencing range was from 4 to 15 years for the offense of

indecent liberties with a child, and 6 to 30 years for the offense of rape. There was no testimony of defendant being informed of the term of mandatory supervised release.

■ On appeal from dismissal of a post-conviction petition, a reviewing court is limited to considering matters which are of a constitutional dimension. Noncompliance with Supreme Court Rule 402 does not necessarily raise an issue of constitutional dimension, but is relevant in post-conviction proceedings insofar as the record evidences a defendant's plea to be intelligently and voluntarily made.

. In *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430, our supreme court determined that compliance with Supreme Court Rule 402(a) (107 Ill. 2d R. 402(a)), which sets forth the admonishments required to be given to a defendant when he enters a guilty plea, required that a defendant be admonished that the mandatory period of parole (now mandatory supervised release) is part of the sentence that will be imposed. The court further held that failure to so admonish is a factor to be considered in determining whether the plea of guilty was voluntarily and intelligently made. *Wills*, 61 Ill. 2d at 111, 330 N.E.2d at 508.

■ Defendant maintains that since he at no time received this admonishment, his guilty plea was involuntary and should be vacated, with the cause remanded to allow him to plead anew. This court considered this issue in *People v. Louderback* (1985), 137 Ill. App. 3d 432, 436, 484 N.E.2d 503, 505, wherein defendant was informed he could not be sentenced to any more than four years' imprisonment, but subsequently received a four-year term of imprisonment plus a two-year term of mandatory supervised release, and in *People v. Kull* (1988), 171 Ill. App. 3d 496, 525 N.E.2d 1223, wherein the defendant agreed to a 22-year sentence, but received a sentence of 22 years' imprisonment plus 3 years' mandatory supervised release. Both *Louderback* and *Kull* involved appeals from the denial of petitions to withdraw a guilty plea; neither were post-conviction proceedings. See also *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180 (wherein under the plea agreement defendant was sentenced to concurrent terms of one to two years' imprisonment for armed robbery and one year for another offense, but was not told he would have to serve two years on parole after his prison term expired).

In *People v. Weakley* (1970), 45 Ill. 2d 549, 553, 259 N.E.2d 802, 805, our supreme court reversed the dismissal of a post-conviction petition based on an allegation of a defective admonishment, stating statutory requirements on guilty pleas required "that the court shall

explain to the defendant the maximum penalty provided by law and [the court] cannot rely upon this being stated to the defendant by defendant's counsel, whether appointed or selected by the defendant." As this court stated in *People v. Culp* (1984), 127 Ill. App. 3d 916, 924, 468 N.E.2d 1328, 1333, a proceeding for post-conviction relief, admonitions by a court which adequately state the minimum, but not the maximum, sentence faced by a defendant upon entry of a guilty plea have been held to fall short of that required under Rule 402. Rule 402(a) sets forth the admonitions which must be given to the defendant to ensure his guilty plea is intelligently and understandingly made as required under *Boykin v. Alabama* (1969), 395 U.S. 238, 242-44, 23 L. Ed. 2d 274, 279-80, 89 S. Ct. 1709, 1711-12, with subparagraph (2) requiring that the defendant be informed of the minimum and maximum sentence prescribed by law. See 107 Ill. 2d R. 402, Committee Comments, at 487; Ill. Ann. Stat., ch. 110A, par. 402, Committee Comments, at 394 (Smith-Hurd 1985).

The State argues defendant's guilty plea was intelligently and voluntarily entered in that, consistent with *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559, the record as a whole demonstrates defendant's knowledge of the minimum and maximum sentence which could be imposed. The State further relies on the analysis in *People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696, and *People v. Miller* (1982), 107 Ill. App. 3d 1078, 438 N.E.2d 643.

In *Wills*, the supreme court reconsidered the position taken in *Krantz* and held the requirement that defendants be admonished of the mandatory parole period prior to acceptance of guilty pleas applicable to pleas taken after May 19, 1975. (*Wills*, 61 Ill. 2d at 111, 330 N.E.2d at 508-09.) In *Miller*, at the change of plea hearing the court admonished the defendant that he could be sentenced to a term of as much as 40 years for armed violence and attempt (murder), as much as seven years for attempt (armed robbery), and as much as five years for aggravated battery; and " '[a]s to each of these offenses, without murder being included, the Court can also impose what is called a mandatory supervised release period on you of up to a period of three years as to each of these.' " (*Miller*, 107 Ill. App. 3d at 1080, 438 N.E.2d at 645.) On appeal, defendant argued he was not made aware of the mandatory supervised release term that would be imposed in addition to the term of imprisonment. The *Miller* court rejected the argument, relying on *McCoy*. This court distinguished *McCoy* in *Louderback* (137 Ill. App. 3d at 436, 484 N.E.2d at 505).

Accordingly, for the reasons herein stated, the dismissal order is reversed and the defendant's plea vacated, with the cause remanded,

as in *Weakley*, so the defendant may plead anew and have trial on the charges of the information, both indecent liberties with a child and rape.

Reversed and cause remanded with directions.

LUND and SPITZ, JJ., concur.