THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNNIE HAWKINS, Defendant-Appellant.

Fifth District   No. 5—89—0861

Opinion filed May 13, 1991.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Scott Mansfield, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Basil G. Greanias, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

Johnnie Hawkins was charged with unlawful possession of weapons by a felon. Hawkins filed a motion to suppress evidence, alleging that the police had engaged in a pretextual stop and that the subsequent search of defendant's bag was not supported by probable cause. The motion was denied. On December 1, 1989, a stipulated bench trial was conducted, and the court found Hawkins guilty. Hawkins was sentenced to three years in the Department of Corrections. On appeal he argues that his conviction must be vacated because his stipulated bench trial was tantamount to a guilty plea, and he was not admonished pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402).

At the stipulated bench trial the State informed the court that the evidence the State would present if the case were brought to trial would consist of the testimony of Detectives Matthews and Del Marion and the fact that Hawkins was convicted of armed robbery in 1978. The court asked defense counsel whether the testimony of Detectives Matthews and Del Marion would be the same as it was at the suppression hearing if they were called as witnesses at the bench trial. Defense counsel stated that it would be. Defense counsel did not present any stipulated evidence.

■ It is the rule in Illinois that a stipulated bench trial is not tantamount to a guilty plea if the defendant presented and preserved a defense. (*People v. Horton* (1991), 143 Ill. 2d 11; *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760; *People v. Hart* (1986), 144 Ill. App. 3d 103, 494 N.E.2d 226.) In *Horton*, a case involving two stipulated bench trials, the court found that defendant's first stipulated bench trial was not tantamount to a guilty plea even though defense counsel conceded the sufficiency of the evidence. Prior to the stipulated bench trial, defense counsel had filed a motion to suppress identification evidence, and the motion had been denied. At the stipulated bench trial, after the State's closing argument, defense counsel commented that defendant was not contesting the sufficiency of the evidence to convict, but was preserving the previously denied motion for purposes of appeal. The supreme court found that defense counsel's

only viable alternative to engaging in a full trial was to proceed through a stipulated bench trial in order to preserve defendant's suppression issue, and that although defense counsel commented that the evidence was sufficient to convict at the stipulated bench trial, the State still had to prove defendant guilty beyond a reasonable doubt. The *Horton* court concluded that the first stipulated bench trial was not tantamount to a guilty plea.

■■ Like the *Horton* case, defense counsel in the instant case (1) filed a motion to suppress which was denied; (2) presented no evidence at the stipulated bench trial; and (3) presented no defense at the stipulated bench trial. It is apparent that defense counsel in this case opted to proceed through a stipulated bench trial for the purpose of preserving Hawkins' suppression of evidence issue. As a defense was preserved, the stipulated bench trial was not tantamount to a guilty plea and Hawkins was not entitled to the admonitions provided in Supreme Court Rule 402.

For the reasons stated, we affirm defendant's conviction.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.