THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
WILLARD DIDLEY, Appellant.

Third District   No. 3—90—0406

Opinion filed May 17, 1991.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The defendant pled guilty to two counts of unlawful delivery of a controlled substance in contemplation of receiving a specific sentence. He was not informed, however, that in addition to the stated terms and conditions of his sentence, he would be required to serve a two-year term of mandatory supervised release (formerly known as parole). We are now called on to determine whether a trial court's failure to admonish the defendant as to the applicable term of mandatory supervised release renders the defendant's plea of guilty involuntary. We conclude that it does.

On April 13, 1989, the defendant, Willard Didley, was charged by indictment with two counts of unlawful delivery of a controlled substance. On June 16, 1989, the defendant pled guilty to both charges. At the defendant's plea hearing, the court informed the defendant he had a right to plead not guilty, to a trial by jury, and to present and confront witnesses. The defendant stated to the court he understood these rights. The prosecutor then explained the range of sentences to

which the defendant would be exposed as a result of his plea. The defendant again stated he understood and that he wished to persist in his plea of guilty.

After the court was satisfied the defendant was pleading guilty knowingly and voluntarily, the court inquired whether there were any negotiated pleas in the case. The assistant State's Attorney, Mr. Ted Hamer, replied that the parties had entered into a negotiation. Mr. Hamer then informed the court that the parties agreed that the defendant would be sentenced to 10 years in the Department of Corrections, pay fines in the amount of $3,200, restitution in the amount of $3,800, and pay the court costs within two years of his release. The court concurred in the plea and the defendant was sentenced accordingly.

On April 20, 1990, the defendant filed an amended post-conviction petition alleging his plea was involuntary because he was not advised that in addition to a term of imprisonment, he would be required to serve a three-year term of mandatory supervised release. At the post-trial hearing, the trial court found that the defendant had not been informed of the mandatory supervised release term. In an attempt to correct this error, the trial judge ordered the defendant not be required to serve the three-year mandatory supervised release term.

The People concede the trial court was without authority to enter an order abrogating the mandatory release term. (See *People v. Morgan* (1984), 128 Ill. App. 3d 298, 470 N.E.2d 1118.) The error having been confessed, we need not address the matter further.

The true issue before us is whether the trial court's failure to admonish the defendant as to the applicable term of mandatory supervised release rendered the defendant's guilty plea involuntary.

This exact issue was addressed in *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180. In *Baker*, the defendant pled guilty in the circuit court of Will County, Illinois, to charges that he had committed armed violence in violation of sections 33A—2 and 12—2(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, pars. 33A—2, 12—2(a)(1)), and violated the Illinois Hypodermic Syringes and Needles Act (Ill. Rev. Stat. 1989, ch. 38, par. 22—53). The defendant pled guilty and was sentenced pursuant to an agreement reached by defense counsel and the prosecutor. As in the case at bar, Baker was not informed that under Illinois law he would have to serve two years on parole after his prison term expired.

While in prison for a subsequent parole violation, Baker filed a writ of *habeas corpus* claiming the circumstances surrounding his plea of guilty violated the due process clause of the fourteenth amendment. The basis of Baker's claim was that he agreed to plead guilty in ex-

change for a specific sentence. The parties presented a negotiated disposition to the trial court for its approval. The court concurred in the disposition and sentenced him accordingly. Baker was never told about the mandatory term of parole he would be required to serve. This, Baker argued, violated the constraints of fundamental fairness articulated in *Santobello v. New York* (1971), 404 U.S. 257, 261-63, 30 L. Ed. 2d 427, 432-33, 92 S. Ct. 495, 498-99. Not being advised about the parole term also violated the due process clause because the sentence actually imposed upon him was more onerous than he had been promised. The court agreed and ordered that the State adhere to the agreement as originally presented to the court.

The People correctly point out in their brief that we are not bound by the decisions of Federal courts, other than the United States Supreme Court, concerning questions of constitutional law. (*People v. Cosey* (1978), 66 Ill. App. 3d 670, 674-75, 384 N.E.2d 95, 99.) We nonetheless choose to follow the *Baker* decision. Upon a careful reading of the Illinois Supreme Court's decision in *People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696, the fourth district's opinion in *People v. O'Toole* (1988), 174 Ill. App. 3d 800, 529 N.E.2d 54, and a plain reading of Supreme Court Rule 402 (134 Ill. 2d R. 402), we are persuaded the court in *Baker* was correct.

In *McCoy*, the defendant pled guilty to a charge of burglary. The defendant was not informed that, in addition to a term of imprisonment, he would be required to serve three years on parole. The record showed the defendant pled guilty to the offense in exchange for a *recommendation* from the prosecutor that he be sentenced to one to three years in the Illinois Department of Corrections. The court followed the prosecutor's recommendation and sentenced the defendant to one to three years.

The defendant subsequently filed a post-conviction petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*), contending that the trial court's failure to admonish him at the time of his plea that the mandatory parole term was a part of the sentence was a *per se* constitutional violation entitling him to post-conviction relief. The court dismissed the defendant's petition, ruling that although Supreme Court Rule 402 does require a defendant be admonished that the mandatory period of parole pertaining to the offense is a part of the sentence that will be imposed (*People v. Wills* (1975), 61 Ill. 2d 105, 109, 330 N.E.2d 505, 508), every deviation from Rule 402 does not require reversal. The court opined that after a review of the entire record, it showed the defendant's plea was made knowingly and intelligently, and failure to warn of the mandatory pa-

role period did not constitute a *per se* violation of a defendant's constitutional rights.

The court ruled no violation occurred because the bargain agreed to by the parties was that the State would *recommend* a sentence. The State kept its end of the bargain and, luckily for the defendant, the court followed the State's recommendation. As the court noted:

> "The record shows clearly that the defendant understood that the *quid pro quo* for the plea of guilty was the *recommendation* that there be concurrent sentences of 1 to 3 years, that the defendant knew that the court was not bound to accept the recommendation and could sentence the defendant to a term of not less than 1 nor more than 20 years." (Emphasis added.) *McCoy*, 74 Ill. 2d at 403.

The court then went further and differentiated between the situation in *McCoy* and the issue raised in *Baker*. In *Baker*, the defendant agreed to plead guilty in return for a specific sentence. The trial court accepted the parties' negotiation, yet the State sought to impose upon the defendant an unbargained-for term of supervised release. In sum, Baker was not given the benefit of his bargain. In contrast, the defendant in *McCoy* received the benefit of his bargain when the assistant State's Attorney recommended to the court he be sentenced to one to three years in the Department of Corrections.

In *People v. O'Toole* (1988), 174 Ill. App. 3d 800, 529 N.E.2d 54, the court also ruled on this very issue. In *O'Toole*, the defendant pled guilty to the offense of indecent liberties with a child. In exchange for the defendant's plea of guilty, he was advised he would be sentenced to "a flat ten years." The defendant was not admonished that his sentence would include a two-year term of mandatory supervised release. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(d).) The defendant filed a petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*), seeking to set aside his guilty plea as neither voluntarily nor intelligently made. The court granted the defendant's motion.

The court ruled that where a defendant has pled guilty in contemplation of receiving a specific sentence, the imposition of a harsher sentence than bargained for is not permissible. The People contend *O'Toole* was wrongly decided. We do not agree.

In Illinois, our supreme court has provided by Supreme Court Rule 402 that all defendants be fully informed of the consequences of a guilty plea and the rights they are relinquishing by pleading guilty. Rule 402 specifically provides that if a defendant pleads guilty pursuant to an agreement reached between the State and the accused which

contemplates the imposition of a specific sentence, and the trial judge indicates he will not concur with the agreement reached by the parties, the trial judge "shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty." (134 Ill. 2d R. 402(d)(2).) In other words, a defendant has the right, prior to sentencing, to either affirm or withdraw his plea of guilty if the defendant will not receive the benefit of his bargain with the State. The State contends that after the plea has been accepted, however, the State may impose additional and unbargained-for terms or conditions on the defendant and he has no right to object. We disagree.

■ In order for a guilty plea to withstand appellate or post-conviction review, the record must reflect the defendant's plea was entered as a knowing, intelligent act, done with sufficient awareness of the relevant circumstances and likely consequences. (*Brady v. United States* (1970), 397 U.S. 742, 749, 25 L. Ed. 2d 747, 757, 90 S. Ct. 1463, 1469.) This requires a trial court to use the "utmost solicitude *** in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." (*Boykin v. Alabama* (1969), 395 U.S. 238, 243-44, 23 L. Ed. 2d 274, 280, 89 S. Ct. 1709, 1712.) The reason reviewing courts must scrutinize guilty pleas with such a watchful eye is "[s]everal federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial." *Boykin*, 395 U.S. at 243, 23 L. Ed. 2d at 279, 89 S. Ct. at 1712.

Supreme Court Rule 402 is simply the embodiment of these important constitutional principles and the vehicle through which our supreme court has sought to enforce the constitutional dictates of the United States Supreme Court. Simply put, a defendant has the right to know the consequences of pleading guilty. When a defendant has pled guilty in contemplation of receiving a specific sentence, imposing additional and unbargained-for terms or conditions is not permissible. The defendant should be allowed to plead anew.

■ The decision of the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, denying defendant's petition for post-conviction relief is hereby reversed. Defendant's plea of guilty, judgment of conviction and sentence are hereby vacated and this cause is remanded to the circuit court with directions to allow the defendant to replead.

Reversed in part; vacated in part and remanded with directions.

GORMAN and McCUSKEY, JJ., concur.