THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. SIDNEY SMITH, Petitioner-Appellant.

First District (6th Division)   Nos. 1—94—1955, 1—95—1888 cons.

Opinion filed November 27, 1996.

Michael J. Pelletier and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E.

Fitzgerald, Kim A. Novi, and John Robert Blakey, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

Petitioner, Sidney Smith, appeals from an order of the circuit court of Cook County dismissing his petition for post-conviction relief. Petitioner raises several issues, but we need address only whether due process was violated by the trial court's failure to admonish petitioner, prior to accepting his guilty plea, that petitioner would be required to serve a three-year period of supervised release in addition to his negotiated 11-year prison term.

The record reveals that petitioner and the State entered into a conference on May 3, 1993, pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402). At the conference, the trial court indicated that upon a plea of guilty by petitioner, the court would impose a prison sentence of 11 years. Subsequently, on May 10, 1993, the trial court admonished the petitioner of the consequences of pleading guilty. In so doing, the court stated that the parties had agreed upon a term of 11 years as an appropriate sentence. While admonishing the defendant prior to accepting the plea of guilty, the court never mentioned mandatory supervised release. Petitioner then indicated that he was sorry for his crime, that he had learned his lesson, and stated he believed the 11-year sentence was lengthy in relation to the specific crime he had committed. He indicated, however, that he would accept the sentence. The trial court determined that petitioner's plea was voluntary. The court thereafter imposed a term of 11 years' imprisonment in the Illinois Department of Corrections, *plus* two years' mandatory supervised release.[1] The trial court then informed the petitioner of his right to vacate his plea and to appeal.

On April 8, 1994, petitioner filed a *pro se* post-conviction petition which the trial court summarily dismissed on May 6, 1994. On February 2, 1995, petitioner filed a second post-conviction petition which the trial court again dismissed. It is from the dismissal of these petitions that petitioner now appeals.

In each of the petitioner's post-conviction petitions, he states that he was promised by his attorney and by the trial court that he would receive a term of imprisonment of 11 years in exchange for his guilty plea, and that he did not agree to a period of mandatory supervised

---

[1]Petitioner's mittimus indicates he was sentenced to a period of 11 years' imprisonment plus a *three*-year period of supervised release. Three years is consistent with the statutory requirements of the Unified Code of Corrections. See 730 ILCS 5/5—8—1(d)(1) (West 1994).

release. In seeking to set aside his plea, petitioner asserts his plea was made "for specific sentencing" and that he did not understand at the time of sentencing that he would have to serve "an additional sentence" after his release.

■ In *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), the United States Supreme Court stated that if a guilty plea is to withstand appellate or post-conviction review, the record must affirmatively disclose that the defendant who pleads guilty entered his plea understandingly and voluntarily. See *People v. Wills*, 61 Ill. 2d 105, 110, 330 N.E.2d 505 (1975), quoting *People v. Reeves*, 50 Ill. 2d 28, 29, 276 N.E.2d 318 (1971), and *Brady v. United States*, 397 U.S. 742, 747 n.4, 25 L. Ed. 2d 747, 756 n.4, 90 S. Ct. 1463, 1468 n.4 (1970). In order to implement this constitutional requirement, our supreme court adopted Rule 402(a), which provides:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him." 134 Ill. 2d R. 402(a).

In *People v. Krantz*, 58 Ill. 2d 187, 317 N.E.2d 559 (1974), our supreme court emphasized that Rule 402(a) requires only "substantial compliance," specifically stating that the rule is not violated by the trial court's failure to admonish a defendant that a supervised release term will be part of his sentence should he elect to plead guilty. Subsequently, however, in *People v. Wills*, 61 Ill. 2d 105, 330 N.E.2d 505 (1975), the court "reconsidered the position taken in *People v. Krantz*" (*Wills*, 61 Ill. 2d at 109) and stated that compliance with Rule 402(a)(2) requires that a defendant be told prior to sentencing that he must additionally serve a period of supervised release. *Wills*, 61 Ill. 2d at 109.

Although *Wills* modified the court's earlier holding in *Krantz*, it

did not create an inflexible rule. Failure to properly admonish a defendant does not necessarily indicate that defendant's plea was improperly accepted. Rather, the failure of the trial court to properly admonish a defendant prior to his pleading guilty is but "a factor" to be considered in determining whether a plea of guilty was "voluntarily and intelligently made." *Wills*, 61 Ill. 2d at 111. See also *People v. McCoy*, 74 Ill. 2d 398, 402, 385 N.E.2d 696 (1979) ("While there appears to be no reason for failure to comply strictly with the explicitly stated requirements of Rule 402, every deviation therefrom does not require reversal").

The State cites a number of cases indicating that a petitioner cannot make out a constitutional violation by simply establishing that the trial court failed to inform him of the release period. See *People v. James*, 233 Ill. App. 3d 963, 599 N.E.2d 960 (1992); *People v. McCollum*, 71 Ill. App. 3d 531, 390 N.E.2d 16 (1979); *People v. Ruiz*, 24 Ill. App. 3d 449, 321 N.E.2d 746 (1974). Defendant counters by relying on opinions in which the appellate court has closely associated the failure to inform the defendant of his supervised release period with a violation of due process. See *People v. Didley*, 213 Ill. App. 3d 910, 572 N.E.2d 423 (1991); *People v. Kull*, 171 Ill. App. 3d 496, 525 N.E.2d 1223 (1988); *People v. O'Toole*, 174 Ill. App. 3d 800, 529 N.E.2d 54 (1988); *People v. Louderback*, 137 Ill. App. 3d 432, 484 N.E.2d 503 (1985).

Despite petitioner's arguments, and language in some appellate court cases to the contrary, our supreme court made clear in *Wills* that the mere failure of the trial court to explain the mandatory supervised release term prior to accepting a guilty plea does not, *per se*, render the plea agreement constitutionally infirm. Due process requires only that the defendant not be prejudiced by the court's failure to fully and correctly explain his potential sentence, and, in some cases, when the record indicates that no unfairness has resulted, the court's omission does not require reversal. See, *e.g.*, *James*, 233 Ill. App. 3d at 970-71. Thus, "where the trial court understates the possible maximum penalty but sentences within the limits it had stated, no prejudice results, and defendant is not entitled to withdraw his guilty plea." *People v. Hoyer*, 100 Ill. App. 3d 418, 420, 426 N.E.2d 1139 (1981), citing *People v. Hrebenar*, 131 Ill. App. 2d 877, 266 N.E.2d 733 (1971). Of course, when the defendant pleads guilty based upon an agreement that he will receive a specific sentence, simple fairness requires that the negotiated sentence not be enhanced. See *Santobello v. New York*, 404 U.S. 257, 261-63, 30 L. Ed. 2d 427, 432-34, 92 S. Ct. 495, 498-99 (1971).

The United States Court of Appeals, Seventh Circuit, has held

that due process is violated when the trial court admonishes a defendant he will receive a shorter sentence than he actually receives, provided defendant asserts he would not have accepted the deal if the true sentence had been fully explained. *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Williams v. Morris*, 633 F.2d 71 (7th Cir. 1980), *vacated as moot sub nom. Lane v. Williams*, 455 U.S. 624, 71 L. Ed. 2d 508, 102 S. Ct. 1322 (1982). Although intermediate federal holdings are not binding upon us (*McCollum*, 71 Ill. App. 3d at 533 n.1; *People v. Cosey*, 66 Ill. App. 3d 670, 384 N.E.2d 95 (1978)), the *Finkbeiner* and *Morris* opinions have been cited by our supreme court, with apparent approval. *McCoy*, 74 Ill. 2d at 403-04. We conclude these cases set out the proper constitutional law in this area. Accord *Didley*, 213 Ill. App. 3d at 913.

■ Our review of the cases indicates that a petitioner establishes a due process violation when the following conditions are met: (1) the record discloses the court informed the petitioner he would receive a specific period of incarceration upon a guilty plea; (2) the trial court sentenced petitioner to a term greater than the agreed term, taking into account and including any period of supervised release; and (3) petitioner raises a good-faith argument that he would not have pled guilty if he had been fully and correctly informed by the court of his potential sentence.

The cases relied upon by the State are generally consistent with our holding. In *McCoy* and *James*, for example, the defendants were sentenced to terms that were *less* than the maximum sentence defendants were told they could receive. Similarly, in *Krantz*, the court specifically warned the defendant that it was under no obligation to sentence him to any recommendation that had resulted from the plea negotiations. *Krantz*, 58 Ill. 2d at 194. In *Miller* and in *Ruiz*, the petitioners failed to argue they were unaware of the potential sentence they could receive or that they would not have pleaded guilty had they been properly admonished by the trial court. *Miller*, 107 Ill. App. 3d at 1086; *Ruiz*, 24 Ill. App. 3d at 454. In our view, cases such as *People v. McCollum*, 71 Ill. App. 3d 531, 390 N.E.2d 16 (1979), and *People v. Irons*, 54 Ill. App. 3d 50, 369 N.E.2d 558 (1977), are wrongly decided and, accordingly, are rejected.

■ Petitioner in this case established he was told before his guilty plea that he would be sentenced to 11 years in prison to avoid a trial and the potential of a 30-year prison sentence. Nothing indicates that petitioner was told, either by his counsel or by the court, that he would also be required to serve a three-year period of mandatory supervised release. Defendant expressed some reluctance to accept an 11-year sentence, but ultimately agreed to do so. The court then

sentenced defendant not to the 11-year term agreed to by petitioner but, rather, to a term of 11 years plus a three-year period of supervised release. Under such facts, we find defendant's claim that he would not have accepted the plea agreement had he known he was required to serve a period of supervised release to have palpable merit. This record falls far short of establishing that petitioner pleaded guilty with a full understanding of the consequences of his decision, as required by *Boykin*. Accordingly, we vacate defendant's guilty plea and remand the case for further proceedings.

Reversed and remanded.

RAKOWSKI and LEAVITT, JJ., concur.