13 October 2000

 No. 3--99--0266

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2000

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 14th Judicial Circuit,

 ) Mercer County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 98--CF--73

 ) 

BRUCE L. FISH, ) Honorable

                                ) James J. Mesich

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the OPINION of the Court

_________________________________________________________________

Defendant, Bruce L. Fish, was convicted of two counts of reckless homicide (720 ILCS 5/9--3(a), (e) (West 1998)) following a stipulated bench trial.  He claims that, 
inter
 
alia
, his convictions should be reversed because admonishments were required under Supreme Court Rule 402 (177 Ill. 2d R. 402) but were not properly given.  We reverse and remand for a new trial.

BACKGROUND

The State charged defendant with two counts of reckless homicide (720 ILCS 5/9--3(a), (e) (West 1998)) and one count of aggravated driving under the influence of alcohol (625 ILCS 5/11-

-501(a)(2), (d)(1)(A) (West 1998)).  He filed a motion to suppress evidence which was denied.  He then waived his right to a jury trial and agreed to a stipulated bench trial.  The following colloquy occurred while his attorney discussed the necessary arrangements with the judge:

"MR. NATHAN [defendant’s attorney]: It’s only 15 minutes, judge.  The stipulated bench trial is a plea.

THE COURT: I know.

MR. NATHAN: I don’t want to use the wrong words, but there’s no evidence in a stipulated bench trial."

The judge then asked the prosecutor to define the charged offenses and appraise defendant of the possible penalties.  Regarding the penalty for reckless homicide, the prosecutor stated only that the offense carried a sentence of 3 to 14 years in the Department of Corrections (DOC).  The judge informed defendant that his waiver would forfeit his right to a jury trial and other corresponding rights (
e.g.
, to present evidence and confront the witnesses against him).  The judge also stated: "Now do you understand, Mr. Fish, that if you are found guilty based upon this stipulation by the court that you subject yourself to a possible penalty of up to 14 years in the [DOC]?"  Defendant replied, "yes."

The prosecutor then recited the facts underlying the charges.  According to those facts, defendant was driving while under the influence of alcohol on October 9, 1998.  He failed to reduce his speed and caused a crash involving a number of other vehicles.  One of the vehicles was occupied by Shirley Matkovic and her grandson Cole, both of whom were killed.  Defendant had no insurance on his vehicle, and a subsequent test of his blood revealed .235 grams of ethanol per deciliter.

Defendant’s attorney stipulated that the recited facts were sufficient to sustain convictions on the State’s charges.  However, he moved to dismiss the charge of aggravated driving under the influence of alcohol, asserting that it involved a lesser included offense of reckless homicide.  The judge granted the motion, and defendant’s attorney stated: "then we *** stipulate that the evidence presented would be the evidence presented in court by the State, and again that it is sufficient to convict."  The judge stated for the record that defendant had understandingly waived his rights with knowledge of the charges against him and the possible penalties.  Defendant was then found guilty on both reckless homicide charges.

At a subsequent hearing, the judge sentenced defendant to concurrent terms of 14 years in the DOC.  The sentence also included restitution to three families totaling $35,646.18, a $5,000 fine, and payment of court costs.  Additionally, the sentencing order included a two-year period of mandatory supervised release to be served following defendant’s release from the DOC.

Defendant filed post-trial and post-sentencing motions which were denied.  He now appeals.

DISCUSSION

Defendant claims, 
inter
 
alia
, that his stipulated bench trial was tantamount to a guilty plea, and thus that his convictions should be reversed because the judge did not properly admonish him under Supreme Court Rule 402 (177 Ill. 2d R. 402).  He asserts that he was prejudiced because, without proper admonishments, his stipulation to the sufficiency of the State’s evidence was not freely and voluntarily entered.  In response, the State contends that: (1) defendant has waived his claim; (2) his stipulated bench trial was not tantamount to a guilty plea; and (3) the judge substantially complied with the requirements of Rule 402.

I. Waiver

Defendant failed to raise his Rule 402 claim in his post-

sentencing motion.  Generally, such failure results in waiver of sentencing claims on appeal.  See 
People v. Reed
, 177 Ill. 2d 389, 686 N.E.2d 584 (1997).  However, "[p]lain errors or defects affecting substantial rights may be noticed [on appeal] although they were not brought to the attention of the trial court."  134 Ill. 2d R. 615(a).  Defendant received a greater penalty than the maximum possible sentence of which he was admonished before his stipulated bench trial.  
This action affected his substantial rights.  See, 
e.g.
, 
People v. Kull
, 171 Ill. App. 3d 496, 525 N.E.2d 1223 (1988) (plain error doctrine applicable where defendant pled guilty and unknowingly received three-year period of mandatory supervised release in addition to negotiated sentence).  Accordingly, we will review his claim.

II. Was Defendant’s Stipulated Bench Trial

Tantamount to a Guilty Plea?

Generally, a stipulated bench trial is not tantamount to a guilty plea if the defendant presents and preserves a defense.  
People v. Hawkins
, 213 Ill. App. 3d 53, 571 N.E.2d 1177 (1991).  However, in 
People v. Horton
, 143 Ill. 2d 11, 570 N.E.2d 320 (1991), our supreme court held that such a trial is tantamount to a guilty plea, despite the presentation and preservation of a defense, if the defendant’s stipulation includes a concession that the State’s evidence is sufficient to convict him.  
Rule 402 admonishments are required in such cases.  
Horton
, 143 Ill. 2d 11, 570 N.E.2d 320; 
People v. Westerfield
, 245 Ill. App. 3d 398, 614 N.E.2d 493 (1993).
  These principles are incorporated into the rule, which reads: "In hearings on pleas of guilty, 
or in any case in which the defense offers to stipulate that the evidence is sufficient to convict
, there must be substantial compliance with the following" admonishments.  (Emphasis added.)  177 Ill. 2d R. 402.

Since defendant clearly stipulated that the State’s evidence was sufficient to convict him, his stipulated bench trial was tantamount to a guilty plea.  This conclusion is not surprising in light of the colloquy between his attorney and the judge showing that they both considered his actions as equivalent to a plea.  Accordingly, Rule 402 admonishments were required despite defendant’s presentation and preservation of a defense through his motion to suppress evidence.

The State argues that the instant case 
is distinguishable from 
Horton
, asserting that defendant preserved an "actual" or "plausibly viable" defense but the defendant in 
Horton
 did not.  Such a distinction, however, is not helpful in deciding the issue at hand.  In 
Horton
, the defendant’s stipulated bench trial was deemed tantamount to a guilty plea because his stipulation included a concession that the evidence was sufficient to convict him.  The decision did not turn on the perceived viability of the defense he preserved.  This fact is apparent from the language of Rule 402, which expresses the 
Horton
 standard (177 Ill. 2d R. 402, Committee Comments, at lxxvii) and speaks of stipulations to the sufficiency of evidence rather than the nature of preserved defenses.

III. Did the Judge Give Proper Admonishments

Under Rule 402?

Rule 402 is a means of enforcing important constitutional dictates to assure that a defendant enters a guilty plea as "a knowing, intelligent act, done with sufficient awareness of the relevant circumstances and likely consequences."  
People v. Didley
, 213 Ill. App. 3d 910, 915, 572 N.E.2d 423, 426 (1991).  Under the rule, a defendant must be admonished of "the minimum and maximum sentence prescribed by law."  177 Ill. 2d R. 402(a)(2).  A "maximum sentence" includes elements such as a period of mandatory supervised release (
People v. O’Toole
, 174 Ill. App. 3d 800, 529 N.E.2d 54 (1988)) and payment of restitution (
People v. Culp
, 127 Ill. App. 3d 916, 468 N.E.2d 1328 (1984)).  Additionally, Rule 402 requires a judge to question a defendant in open court to determine whether his plea was induced by force, threats, or inappropriate promises.  177 Ill. 2d R. 402(b).  Admonishments are sufficient if they amount to "substantial compliance" with the rule.  177 Ill. 2d R. 402; 
People v. Burt
, 168 Ill. 2d 49, 658 N.E.2d 375 (1995).

When defendant entered his stipulation, he was admonished that he faced a maximum sentence of 14 years in the DOC.  He was not admonished regarding mandatory supervised release, restitution, fines, or court costs--although he later discovered that his sentence included each of these elements.  Ultimately, his sentence was two years longer and over $40,000 more costly than he could have imagined based on the information he received from the court before entering his stipulation.  Under these circumstances, we cannot say that the stipulation was "a knowing, intelligent act, done with sufficient awareness of the relevant circumstances and likely consequences."  
Didley
, 213 Ill. App. 3d at 915, 572 N.E.2d at 426 (1991).  The situation is aggravated by the judge’s failure to question defendant about whether his stipulation was induced by force, threats, or inappropriate promises.

We are convinced that the admonishments defendant received did not amount to substantial compliance with Rule 402.  See 
People v. Louderback
, 137 Ill. App. 3d 432, 484 N.E.2d 503 (1985) (no substantial compliance where admonishment regarding maximum sentence omitted term of mandatory supervised release); 
Kull
, 171 Ill. App. 3d 496, 525 N.E.2d 1223 (same); 
Didley
, 213 Ill. App. 3d 910, 572 N.E.2d 423 (same result in post-conviction proceeding, and the defendant knew he was subject to fines, restitution, and court costs before pleading guilty).

The State contends that defendant is not entitled to relief because he has failed to specifically argue that he would not have entered his stipulation if he had received proper admonishments.  The State supports this contention by citing 
People v. Smith
, 285 Ill. App. 3d 666, 669, 676 N.E.2d 224, 227 (1996), where 
the 
Appellate Court, First District, stated: "Due process requires only that the defendant not be prejudiced by the court’s failure to fully and correctly explain his potential sentence."  Along those lines, the court reasoned that a defendant who is improperly admonished must "raise[] a good faith argument that he would not have pled guilty" if proper admonishments had been given.  
Smith
, 285 Ill. App. 3d at 670, 676 N.E.2d at 227.

We agree that a defendant should not obtain relief for incomplete admonishments without a good faith argument that the incompleteness prejudiced him.  However, when a defendant alleges prejudice and shows that his sentence is two years longer and over $40,000 more costly than the maximum sentence of which he was admonished, we do not believe relief should be denied merely because he fails to mention that he would have acted differently if proper admonishments had been given.  No court has cited 
Smith
 for such a proposition.  Neither do the cases cited in 
Smith
 for its prejudice standard support such a proposition.
(footnote: 1)  The problem in the instant case is the trial court’s failure to give the required admonishments under Rule 402, not defendant’s manner of claiming ensuant prejudice.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the Mercer County circuit court and remand for a new trial.

Reversed and remanded.

KOEHLER and SLATER, J.J. concurring.  

FOOTNOTES
1:
The cases are 
United States ex rel. Baker v. Finkbeiner
, 551 F.2d 180 (7th Cir. 1977), and 
United States ex rel. Williams v. Morris
, 633 F.2d 71 (7th Cir. 1980), 
vacated as moot sub nom.
, 
Lane v. Williams
, 455 U.S. 624, 71 L. Ed.2d 508, 102 S. Ct. 1322 (1982).  While in each case the court looked for prejudice, it defined prejudice in terms of whether the defendant’s ultimate sentence was more onerous than the one he bargained for or had been admonished was possible.