FIFTH DIVISION
May 18, 2007

No. 1-05-1925

THE PEOPLE OF THE STATE OF ILLINOIS,

|                              |     |                      |
|------------------------------|-----|----------------------|
|                              | )   | Circuit Court of     |
| Plaintiff-Appellee,          | )   | Cook County.         |
|                              | )   |                      |
| v.                           | )   | No. 94 CR 10181      |
|                              | )   |                      |
| TOMMY ADAMS,                 | )   | Honorable            |
|                              | )   | Evelyn B. Clay,      |
| Defendant-Appellant.         | )   | Judge Presiding.     |

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant Tommy Adams appeals from the trial court order that granted the State's motion to dismiss his successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2002)). He contends that dismissal was improper because his petition made a substantial showing that he was denied due process when he pled guilty and was sentenced to 40 years' imprisonment because the court failed to admonish him about the additional three-year mandatory supervised release (MSR) term. We affirm.

On October 17, 1994, defendant pled guilty to 16 counts of armed robbery. During the plea hearing, the court advised defendant of the minimum and maximum sentences for each offense and indicated that defendant could receive a total maximum sentence of 60 years' imprisonment. The court then sentenced him to concurrent prison terms of 30 years for 10 of the

convictions to be served consecutively to concurrent prison terms of 10 years for the remaining 6 convictions.  The court informed defendant that this amounted to "40 years in the Illinois Department of Corrections."  The court did not admonish him about the three-year MSR term.

On November 1, 1994, defendant filed a motion to withdraw his guilty plea, which was denied and upheld on appeal.  People v. Adams, No. 1-95-0092 (1998) (unpublished order under Supreme Court Rule 23).

Defendant filed his first postconviction petition, which was denied by the trial court on November 3, 1997.  He did not appeal the dismissal.

Subsequently, on May 8, 2001, defendant filed pro se his second postconviction petition, which he entitled "Petition to Vacate, Set Aside, or Correct Sentence," challenging the constitutionality of his consecutive sentences.  Despite defendant's nomenclature, the trial court recharacterized his petition as a postconviction petition and dismissed it on June 29, 2001, finding that defendant's second postconviction petition raised the same issue as his first petition, and that his claim was "patently frivolous and without merit."  We affirmed the dismissal.  People v. Adams, No. 1-01-3012 (2002) (unpublished order under Supreme Court Rule 23), *appeal denied,* No. 93953 (2002).

On June 13, 2002, defendant filed pro se his third petition entitled, "Successive Petition for Post-Conviction Relief," arguing that the court's failure to advise him of the three-year MSR period resulted in a denial of due process of law and that trial counsel's failure to recognize this error deprived him of effective assistance of counsel.  On April 29, 2003, the court appointed postconviction counsel, who filed supplemental petitions for postconviction relief on March 25,

1-05-1925

2004, and February 8, 2005.

On January 20, 2004, the State filed a motion to dismiss defendant's successive postconviction petition arguing that defendant's petition was filed outside of the statute of limitations and that he failed to show that the delay in filing was not due to his own culpable negligence. The trial court heard the State's motion on June 7, 2005. Though the court did not decide the State's timeliness issue, it nonetheless dismissed defendant's petition, finding that defendant failed to show he would not have pled guilty if he had known about the three-year MSR term because his sentence including the MSR period was less than the maximum sentence he could have received for his 16 offenses.

On appeal, defendant contends that the trial court erred in dismissing his postconviction petition because he made a substantial showing that he was denied due process when he pled guilty and received a 40-year sentence because the trial court failed to advise him of the 3-year MSR period. The State, in turn, maintains that defendant's due process argument is waived and barred as successive because defendant failed to establish cause and prejudice. We review a second-stage dismissal of defendant's postconviction petition de novo. People v. Coleman, 183 Ill. 2d 366, 387-88 (1998).

The threshold inquiry inherent in this appeal is whether the subject petition is successive. Claims in a successive petition are subject to waiver (725 ILCS 5/122-3 (West 2002)) and the cause and prejudice test (725 ILCS 5/122-l(f) (West 2002)). Defendant recognizes that the claim was not raised before but contends he need not meet the requirements for a successive petition and does not even advance any argument regarding the cause and prejudice test. Defendant's

3

contention is based on his adamant but incorrect representation that the subject petition is not successive because his prior 2001 petition was allegedly recharacterized improperly as a postconviction petition.

The petition on appeal is in fact a successive petition subject to the cause and prejudice test because it is the *third* such petition filed by defendant after his conviction. As noted in the memorandum of orders in the record and as stated by this court in a prior appeal, the trial court dismissed defendant's first postconviction petition on November 3, 1997, and defendant elected not to appeal the dismissal. Adams, No. 1-01-3012, order at 1.

In 2001, defendant filed his second petition, again challenging his sentence. The trial court recharacterized the petition as a postconviction petition, found that it raised the same issue as stated in his first petition and summarily dismissed the petition. In 2002, we affirmed the dismissal and the supreme court denied defendant's petition for leave to appeal. People v. Adams, No. 1-01-3012 (2002) (unpublished order under Supreme Court Rule 23), *appeal denied,* No. 93953 (2002).

On June 23, 2002, defendant filed the petition which is the subject of this appeal. Based on the previous filings by defendant, this petition is his third postconviction petition, and thus defendant is required to satisfy the cause and prejudice test.

Defendant seeks to circumvent the cause and prejudice test by asserting that the trial court's recharacterization of his 2001 petition as a postconviction petition was improper based upon two 2005 Illinois Supreme Court decisions which held that the trial court must provide certain notice to a defendant before such recharacterization. See People v. Shellstrom, 216 Ill. 2d

45, 57 (2005) (holding that "in the future," when a court recharacterizes a pleading as a first postconviction petition, the court must provide the defendant with notice of the recharacterization, explain the ramifications of the recharacterization, and allow the defendant an opportunity to withdraw or amend his petition); People v. Pearson, 216 Ill. 2d 58, 68 (2005) (holding that the requirements set forth in Shellstrom also apply when a trial court recharacterizes a pleading as a successive postconviction petition).

Defendant's attempt to apply the 2005 opinions retroactively to his 2001 petition is without merit. The general rule provides that supreme court decisions "apply to all cases that are pending when the decision is announced, unless [the supreme court] directs otherwise." People v. Granados, 172 Ill. 2d 358, 365 (1996) (and cases cited therein). Here, however, defendant's case regarding his 2001 petition was no longer pending when the 2005 supreme court decisions were announced. Defendant's 2001 petition had been dismissed by the trial court, the dismissal was affirmed by this court, and defendant's request to appeal the dismissal was denied by our supreme court in 2002. Moreover, the supreme court expressly held that the newly-announced requirements for the recharacterization of a petition were to apply "in the future." Shellstrom, 216 Ill. 2d at 57; see also People v. Spears, No. 1-05-3600, slip. op. at 7 (February 28, 2007) (holding that defendant could not apply Shellstrom's holding to his recharacterized postconviction petition because the disposition of his petition had been decided on appeal "over one year before Shellstrom was decided").

Even assuming that the Shellstrom and Pearson holdings in 2005 could be applied retroactively to defendant's 2001 petition, defendant ignores his first postconviction petition from

5

1997. Regardless of the status of the 2001 petition, the 1997 petition would necessarily render the subject 2002 petition successive.

For all of the foregoing reasons, the petition currently before us is a successive petition. In turn, the claim is subject to both waiver and the cause and prejudice test.

The Act provides that a defendant may only file one postconviction petition and that any claim not raised in that initial petition is waived. 725 ILCS 5/122-3 (West 2002); People v. Tenner, 206 Ill. 2d 381, 392 (2002). In this case, the record reveals that defendant did not raise this claim in his two prior postconviction petitions, and thus it may be deemed waived. See, e.g., People v. Jones, 191 Ill. 2d 194, 199 (2000).

However, despite defendant's failure to raise this issue in his first two postconviction petitions, his claim may overcome waiver if he satisfies the cause and prejudice test. 725 ILCS 5/122-l(f) (West 2002); People v. Flores, 153 Ill. 2d 264, 279 (1992). Under this test, a claim in a successive postconviction petition is barred unless defendant can show cause for his failure to raise the claim in his initial postconviction proceeding and prejudice resulting from the failure. 725 ILCS 5/122-l(f) (West 2002). Even if a defendant cannot satisfy this test, his claim may nonetheless be considered if he can demonstrate that consideration is necessary to prevent a miscarriage of justice because he can show his actual innocence. People v. Pitsonbarger, 205 Ill. 2d 444, 459 (2002).

In this case, defendant sets forth no arguments to satisfy the cause and prejudice test; rather, he incorrectly asserts that his petition is not successive and that he does not have to meet the cause and prejudice test. Moreover, defendant does not make a showing of actual innocence,

requiring this court to review his claim in order to prevent a miscarriage of justice. Accordingly, absent defendant's fulfillment of the cause and prejudice test, the claim in his successive petition is waived.

Defendant's reliance on People v. Whitfield, 217 Ill. 2d 177 (2005), in response to the State's waiver argument is misplaced, because the postconviction petition in that case was not a successive petition.

Even on the merits, defendant's claim fails because the record reveals that his guilty plea was not entered in exchange for a specific sentence and his sentence plus the three-year MSR period was less than the maximum sentence he could have received. Whether the failure to properly admonish defendant about a MSR period violates due process depends upon whether a defendant entered an "open" plea agreement or whether he pled guilty in exchange for a specific sentence. Whitfield, 217 Ill. 2d at 193-95. Only when defendant enters a plea in exchange for a specific sentence and the court fails to advise him of the MSR period is due process violated. Whitfield, 217 Ill. 2d at 194-95, citing People v. Smith, 285 Ill. App. 3d 666 (1996); People v. Didley, 213 Ill. App. 3d 910 (1991); People v. Moore, 214 Ill. App. 3d 938 (1991); People v. O'Toole, 174 Ill. App. 3d 800 (1988); People v. Kull, 171 Ill. App. 3d 496 (1988). Due process, however, is satisfied when a defendant enters an open guilty plea even though he is not advised of the MSR term "as long as the sentence plus the term of MSR is less than the maximum sentence defendant was told he could receive." Whitfield, 217 Ill. 2d at 193, citing People v. Fish, 316 Ill. App. 3d 795 (2000); People v. Brown, 296 Ill. App. 3d 1041 (1998); People v. McCoy, 74 Ill. 2d 398 (1979); People v. Coultas, 75 Ill. App. 3d 137 (1979).

In this case, the record reveals that defendant did not enter a fully negotiated guilty plea, as he did not agree to plead guilty in exchange for a specific sentence. At the guilty plea hearing, defense counsel informed the trial court that "after conveying the Court's offer to [defendant], [defendant] has agreed to withdraw his previously entered plea of not guilty to the indictments before the Court, and enter a plea of guilty to each charge." The court advised defendant that the charges were Class X felonies with a sentencing range of 6 to 30 years and that he "could also be sentenced consecutively, *** meaning that [he] could possibly serve a maximum term of sixty years" in prison. Following the factual basis for the pleas to 16 separate counts of armed robbery, the court asked for arguments in aggravation and mitigation. Both counsel stood on the factors discussed in the plea conference. The court found, among other things, that defendant was "a very dangerous individual" and that consecutive terms were "necessary to protect society from" defendant. The court then sentenced defendant to 30 years' imprisonment for 10 of his offenses and an additional 10 years' imprisonment for the remaining 6 offenses, without advising him of the 3-year MSR term. However, defendant was not denied due process because his 40-year sentence plus the 3-year MSR period is less than the 60-year maximum sentence he could have received. Whitfield, 217 Ill. 2d at 193. Thus, defendant's underlying claim is meritless.

On appeal, defendant also acknowledges that he filed the subject petition nearly five years past the statutory deadline but claims that the late filing was not due to his culpable negligence and that his post conviction counsel provided unreasonable assistance by failing to amend his petition to include a claim that the delay in filing was not due to his culpable negligence. The record clearly establishes that the trial court did not address the timeliness issue when it granted

8

the State's motion to dismiss. Furthermore, we review such dismissal <u>de</u> <u>novo</u>. In light of our conclusion that defendant's claim is waived and has no merit, we need not address defendant's late filing.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.