**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240181-U

Order filed December 10, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-24-0181 |
| v. | ) ) | Circuit No. 19-CF-361 |
| ELIZABETH A. FAST, | ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The trial court erred when it failed to admonish defendant she was required to pay restitution as part of her guilty plea.

¶ 2        Defendant, Elizabeth A. Fast, entered into a blind guilty plea for theft. The trial court ordered her to serve four years' probation and pay $157,764.87 in restitution. Defendant moved to withdraw the guilty plea, and the court denied her motion. Defendant appeals, arguing the court committed reversible error when it failed to admonish her that she would be required to pay

restitution if she pled guilty. We reverse the court's denial of defendant's motion to withdraw the guilty plea and remand for further proceedings.

¶ 3                                                    I. BACKGROUND

¶ 4        On September 24, 2019, the State charged defendant by indictment with theft (720 ILCS 5/16-1(a)(1)(A) (West 2016)) over $10,000 but less than $100,000, and two counts of unlawful use of a credit card (*id.* § 17-36). Defendant was previously employed as a part-time bookkeeper for Gregory Thompson, who discovered that $154,000 had been improperly paid from his accounts to defendant and/or her business.

¶ 5        On April 20, 2023, defendant told the court she wished to enter a blind guilty plea on the theft charge, and the State agreed to dismiss the other charges. The court admonished defendant that she could be fined up to $25,000, but did not admonish her that she could be ordered to pay restitution. The State provided its factual basis and did not mention it sought restitution. Thereafter, a presentence investigation report (PSI) provided Thompson was seeking $157,764.87 in restitution.

¶ 6        On August 4, 2023, the matter proceeded to a sentencing hearing. The evidence showed defendant was 52 years old and recently diagnosed with stage four colon cancer. Defendant had been employed since 2019 as a customer service agent and earned $16.50 per hour. Defendant's mother had recently died, and defendant was the sole beneficiary of the estate, which included real property valued at $150,000. The State asked the court to order defendant to pay $157,764.87 in restitution. Defense counsel asked the court to order restitution as the court saw fit. Defendant addressed the court and stated her siblings were disputing her mother's will. Defendant stated, "It doesn't matter that I'm not guilty of $154,000 or whatever it was worth of restitution to him. I owed him 17,000 or roughly 15, 16, something like that for real estate taxes that he helped me

2

pay." The court sentenced defendant to four years' probation and ordered her to pay $157,764.87 in restitution and $75 in fines.

¶ 7    On August 24, 2023, defendant filed a motion to withdraw the guilty plea with the assistance of plea counsel. Defendant alleged she did not understand the consequences of the plea. Subsequently, defendant was represented by new counsel who filed an amended motion to withdraw the guilty plea, arguing, among other things, the plea was not knowing and voluntary because defendant was not aware restitution could be ordered in excess of the charge pled and the PSI did not provide enough evidence for the court to determine restitution.

¶ 8    On March 1, 2024, the court held a hearing on the motion. Defendant testified she was aware of the amount the State was seeking in restitution, but she thought it was a scare tactic to get her to plead guilty, and she assumed "that's what they were going after if I was found guilty at trial." Defendant believed she would be able to present evidence at the sentencing hearing, but she was not given the opportunity. Defendant stated her plea should be withdrawn because the charge she pled guilty to was based on theft between $10,000 and $100,000, and she believed she was pleading guilty for restitution in that range. Plea counsel testified he received nothing from defendant that he could use to contest the restitution sought. Plea counsel stated restitution was part of plea negotiations and defendant said she could not pay it. According to counsel, defendant's position changed from "I never stole the money" to "I used the money for Thompson's benefit." Specifically, defendant claimed the money was converted to cash, which she used to pay Thompson's debts, and the only money she owed Thompson was for a tax debt. The court found defendant's plea was knowing and voluntary and denied the motion. Defendant appeals.

¶ 9                                              II. ANALYSIS

3

¶ 10    On appeal, defendant argues her plea was involuntary because the court failed to admonish her that she would be required to pay restitution. Defendant acknowledges she forfeited this issue by failing to raise it below but argues it is reviewable under the second prong of the plain error rule. Alternatively, she argues the court erred when it failed to determine her ability to pay and the necessity of an installment payment schedule.

¶ 11    A defendant who pleads guilty must file a motion to withdraw the guilty plea if she seeks to challenge the plea, and any issue not raised in such motion is forfeited. Ill. S. Ct. R. 604(d) (eff. Dec. 23, 2022). An exception to forfeiture applies when the defendant's substantial rights are affected by the trial court's failure to admonish the defendant in accordance with Illinois Supreme Court Rule 402 (eff. July 1, 2012). *People v. Fish*, 316 Ill. App. 3d 795, 798 (2000). Rule 402(a) requires the trial court to give the defendant certain admonishments during the plea hearing, including an admonishment on "the minimum and maximum sentence prescribed by law." Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012). Substantial compliance is required. *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009). Restitution is considered part of the sentence within the meaning of Rule 402(a)(2) (*People v. Culp*, 127 Ill. App. 3d 916, 925 (1984)), and a trial court fails to substantially comply with Rule 402(a)(2) if it fails to admonish the defendant that she could be ordered to pay restitution (*People v. Snyder*, 2011 IL 111382, ¶ 20). This error constitutes second-prong plain error as defendants have a due process right to be properly and fully admonished. See *People v. Wigod*, 406 Ill. App. 3d 66, 75-76 (2010). In such instances, the proper remedy is to allow the defendant the opportunity to withdraw the plea. *Snyder*, 2011 IL 111382, ¶ 31.

¶ 12    The parties agree the court failed to admonish defendant she could be ordered to pay restitution. Our review of the record demonstrates the same. This error is exacerbated by the failure of the court or any party to mention restitution at the plea hearing. Additionally, defendant was

4

admonished she was subject to a fine of up to $25,000, which was within the range of what she believed she owed Thompson (*supra* ¶ 6). However, the restitution amount of $157,764.87 far exceeded the fine admonishment. See *People v. Thompson*, 375 Ill. App. 3d 488, 494 (2007) (concluding there was no error for lack of an admonishment as to restitution where the court admonished the defendant he was subject to a fine and the restitution was less than the admonished fine amount). Accordingly, defendant received a more onerous sentence than the one she was told she could receive, thereby violating her right to due process. See *People v. Whitfield*, 217 Ill. 2d 177, 195 (2005).

¶ 13 Contrary to the State's position, the court's failure to properly admonish defendant is reversible error. Although defendant was aware during plea negotiations that the State intended to seek restitution and for what amount, there was no mention of restitution at the plea hearing and defendant believed the restitution amount was the State's intended trial recovery and meant to pressure her into pleading guilty. See, *e.g.*, *Wigod*, 406 Ill. App. 3d at 76 (noting the defendant could have misinterpreted the lack of an admonishment as to restitution as removing restitution from the sentencing possibilities).

¶ 14 We reverse the court's denial of defendant's motion to withdraw the guilty plea and remand for further proceedings. In view of this result, we need not address defendant's alternative argument.

¶ 15 III. CONCLUSION

¶ 16 For the reasons stated, the judgment of the circuit court of La Salle County is reversed and the matter is remanded for further proceedings.

¶ 17 Reversed and remanded.

5