SECOND DIVISION
February 5, 2008

No. 1-06-2610

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 96 CR 11502 |
| | ) | |
| JUAN MOLINA, | ) | Honorable |
| | ) | Thomas R. Sumner, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

On September 19, 1997, defendant entered a plea of guilty for his role in the murder of Aaron Love in exchange for a 25-year sentence of imprisonment. Although the plea was fully negotiated, during the proceedings the trial court did not advise defendant that he would be subject to a three-year period of mandatory supervised release (MSR) following his 25-year sentence. Defendant did not file a motion to withdraw his plea nor did he file a direct appeal.

On July 18, 2005, defendant filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)) seeking relief from judgment. In this petition, defendant alleged that: (1) trial counsel was ineffective for failing to file a Rule 604(d) (134 Ill. 2d R. 604(d)) certificate; and (2) the trial court failed to properly admonish petitioner regarding the procedure for appealing a sentence imposed on a guilty plea. The trial court denied defendant's petition on September 12, 2005.

On April 12, 2006, defendant filed a petition for postconviction relief. Defendant alleged that although he entered into a fully negotiated plea agreement, he was never advised that in addition to his 25-year sentence for first degree murder, he would be required to serve a 3-year period of MSR. Citing the recent supreme court decision of *People v. Whitfield*, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), defendant argued that he did not receive the "benefit of the bargain" as he understood it and requested that his 25-year sentence be modified to 22 years' of imprisonment with a 3-year period of MSR. The trial court docketed the petition and appointed the public defender to represent defendant.

On August 4, 2006, the State filed a motion to dismiss defendant's petition. The State asserted that the petition was untimely filed because it was filed almost six years beyond the statutory limitations period for filing postconviction challenges. The State also argued that the recent decision in *Whitfield* did not excuse the untimely petition because the *Whitfield* decision did not change the law applicable to defendant's claim. Furthermore, the State argued that *Whitfield* was distinguishable from the instant case

because the defendant in *Whitfield* had filed a timely postconviction petition.

At a hearing on the State's motion to dismiss on August 8, 2006, the State reiterated its position that the petition should be dismissed because it was untimely. However, during the postconviction proceedings, defense counsel argued that the untimeliness of defendant's petition should be excused because he filed his "postconviction relief after he became aware of the possibility of the remedy based on the decision in *Whitfield*." Furthermore, defense counsel stated "Had he filed his petition in a timely manner in 1998, it would have been denied because without the precedent in *Whitfield*, we think it extrememly unlikely that he would have been granted relief." The trial court agreed with defense counsel stating, "[H]ad he [defendant] filed a timely petition, he more than likely would not have been granted relief because at that time, *Whitfield* was not the law."

After hearing arguments on the motion, the trial court denied the State's motion to dismiss and granted defendant the relief requested and reduced his sentence from 25 years' imprisonment to 22 years' imprisonment. In granting relief, the trial court stated that "the issue goes further than whether or not the petition was timely filed" and "the fact that he did not file a timely petition in my opinion would be irrelevant." The court further stated that, "I agree with counsel that had he filed a timely petition, he more than likely would not have been granted relief because at that time, *Whitfield* was not the law."

It is from this order that the State now appeals.

Analysis

In the appeal presently before this court, the State argues that the trial court improperly granted defendant postconviction relief because defendant's petition was untimely and he failed to set forth sufficient facts to establish that the delay in filing was not due to his culpable negligence.

A. Post-Conviction Hearing Act

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)), allows a criminal defendant a procedure for determining whether he was convicted in substantial violation of his constitutional rights. 725 ILCS 5/122-1(a) (West 2004); *People v. Edwards*, 197 Ill. 2d 239, 243-44, 757 N.E.2d 442 (2001). Where defendant is not sentenced to death, the Act sets forth a three-stage process for adjudicating a defendant's request for collateral relief. *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102 (1996).

At the first stage, the circuit court must determine whether the petition before it alleges the " 'gist of a constitutional claim.' " *Edwards*, 197 Ill. 2d at 244, 757 N.E.2d 442, quoting *Gaultney*, 174 Ill. 2d at 418, 675 N.E.2d 102. Taking all well-pleaded facts as true, the court must determine whether the petition alleges a constitutional infirmity that, if proven, would demonstrate a deprivation of petitioner's constitutional rights. 725 ILCS 5/122-2.1(a) (West 2004); *People v. Coleman,* 183 Ill. 2d 366, 385, 701 N.E.2d 1063 (1998). If the trial court determines that a petitioner has stated the "gist of a

constitutional claim," the petition is advanced to the second stage and counsel is appointed, if necessary, in accordance with sections 122-4 through 122-6 of the Act. 725 ILCS 5/122-2.1(b) (West 2004).

At the second stage, the State is required to either answer the postconviction petition or move to dismiss. 725 ILCS 5/122-5 (West 2004). As the State in this case moved for dismissal, the trial court was required to rule on the legal sufficiency of the allegations contained in the petition, taking all well-pleaded facts as true. *People v. Ward*, 187 Ill. 2d 249, 255 , 718 N.E.2d 117 (1999).

When a postconviction petition is advanced to the third stage for an evidentiary hearing, and when fact-finding and credibility determinations are involved, this court will not reverse the decision of the trial court unless it is manifestly erroneous. *People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999 (2006). However, if no new evidence is presented and the issues presented are based on pure questions of law, we apply a *de novo* standard of review, unless the judge presiding over the proceedings had some special familiarity with the trial or sentencing of the defendant and that had some bearing on the disposition of the post-conviction petition. *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d 999 .

In the instant case, the trial court granted relief to defendant after an evidentiary hearing, where no new evidence was presented. Consequently, we apply *de novo* review.

B. *People v. Whitfield*

Defendant relied on the holding in *People v. Whitfield*, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), as support for his argument that the circuit court should reduce his 25-year sentence to a 22-year sentence with 3 years of MSR. The trial court found that pursuant to the holding in *Whitfield*, it was required to reduce defendant's sentence to 22 years' imprisonment.

In *Whitfield*, the defendant entered into a fully negotiated plea. In exchange for his pleas of guilty to felony murder and armed robbery, the trial court sentenced the defendant to 25 years and a concurrent 6-year sentence of imprisonment. *Whitfield*, 217 Ill. 2d at 179, 840 N.E.2d 658 . The defendant was never notified by the prosecutor or the court that he would be subject to a 3-year period of MSR after his 25-year sentence. The defendant did not appeal. *Whitfield*, 217 Ill. 2d at 180, 840 N.E.2d 658 .

While serving his prison sentence, the defendant learned that he would be required to serve a 3-year period of MSR after serving his 25-year sentence. Thereafter, the defendant filed a *pro se* motion for relief from judgment, which was treated as a postconviction petition, contending that his fourteenth amendment due process rights were violated because he was never advised of the period of MSR that "had been added to his negotiated sentence and resulted in a 'more onerous' sentence than the one he had agreed to when he pled guilty." *Whitfield*, 217 Ill. 2d at 180, 840 N.E.2d 658 . Rather than seeking to withdraw his guilty plea, the defendant sought specific performance of the plea agreement and asked the court to eliminate the MSR

6

term or to reduce his sentence by the length of the MSR term. *Whitfield*, 217 Ill. 2d at 181, 840 N.E.2d 658 . The circuit court dismissed the petition at the second stage and the appellate court affirmed the dismissal. *Whitfield*, 217 Ill. 2d at 182, 840 N.E.2d 658. *People v. Whitfield*, No. 1-02-0314 (October 29, 2003) ( unpublished decision pursuant to Supreme Court Rule 23).

On appeal to the Illinois Supreme Court, the defendant argued that due process clauses of the Illinois (Ill. Const. 1970, art. I, §2)) and United States Constitutions (U.S. Const., amend. XIV) and Illinois Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)) required that the trial court admonish him that he would be required to serve a 3-year period of MSR before accepting his plea agreement. *Whitfield*, 217 Ill. 2d at 182, 840 N.E.2d 658 . The defendant requested that the court enforce the terms of the plea agreement and modify his sentence. *Whitfield*, 217 Ill. 2d at 182, 840 N.E.2d 658 .

Our supreme court reversed the decisions of the trial court and appellate court and granted defendant postconviction relief, stating:

"In the case at bar, defendant pled guilty pursuant to a negotiated plea agreement. The terms of the plea agreement, as set forth by the prosecutor at the plea hearing, included a specific sentence of 25 years. The trial court ratified this agreement and failed to admonish defendant, as required by Supreme Court Rule 402 that a mandatory supervised release term would be added to the sentence defendant had agreed to. Under these circumstances, we conclude that adding the statutorily required three-year MSR term to defendant's

negotiated 25-year sentence amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness. We believe this conclusion is in conformity with earlier decisions of this court and with decisions reached by other jurisdictions." *Whitfield*, 217 Ill. 2d at 190-91, 840 N.E.2d 658 .

The court further stated:

"We conclude that, although substantial compliance with Rule 402 is sufficient to establish due process [citations],  and an imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment [citation], there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence. In these circumstances, addition of the MSR term to the agreed-upon sentence violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing. Under these circumstances, the addition of the MSR constitutes an unfair breach of the plea agreement." *Whitfield*, 217 Ill. 2d at 195, 840 N.E.2d 658 .

After concluding that the defendant must receive the benefit of the bargain, the

*Whitfield* court recognized two possible remedies. The court noted that the defendant must be afforded the opportunity to withdraw his plea or the promise must be fulfilled. *Whitfield*, 217 Ill. 2d at 202, 840 N.E.2d 658 . After reviewing the defendant's requested relief and relevant case law from Illinois and other jurisdictions, the *Whitfield* court modified the defendant's sentence to a term of 22 years' imprisonment to be followed by a 3-year term of MSR. *Whitfield*, 217 Ill. 2d at 205, 840 N.E.2d 658 .

### C. Application of *Whitfield* to the Facts of This Case

The State maintains that, although the instant petition presented the same challenge to defendant's plea as was presented in *Whitfield*, the trial court's reasoning for granting defendant relief in this case was occasioned on its mistaken belief that a *Whitfield* claim presented an issue of an involuntary and, therefore, void plea. The court's misinterpretation of the law, the State urges, is evinced by the trial court's comments in awarding defendant relief. The court held that a guilty plea entered in the absence of an admonishment regarding MSR operates to "deprive[ ] [defendant] of one of the fundamental rights, and that is to knowingly and intelligently waive his right when he enters the plea."

We agree with the State that *Whitfield* did not address the issue of whether the defendant's plea was void. Nevertheless, *Whitfield* is still instructive in this case. The only factual dissimilarity evident between the instant case and *Whitfield* is that in *Whitfield* the defendant's postconviction petition was timely filed. In the case at bar, defendant's petition was untimely.

9

Section 122-1(c) of the Act provides that "[i]f a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2004). "Culpable negligence" contemplates something greater than ordinary negligence and is akin to recklessness. *People v. Rissley*, 206 Ill. 2d 403, 420, 795 N.E.2d 174 (2003), quoting *People v. Boclair*, 202 Ill. 2d 89, 106-08, 789 N.E.2d 734 (2002).

In the case at bar, the trial court found that defendnat's failure to file a timely postconviction petition was "irrelevant." It is important to note here that a review of defendant's postconviction petition reveals that defendant did not include specific allegations to show that the delay in filing of his petition was not due to his culpable negligence, other than to simply state he was "unaware" of the three-year MSR period until "after he was already in prison."

The State argues that the trial court erred when it determined that the nature of defendant's claim effectively rendered the untimeliness of defendant's postconviction petition irrelevant. Additionally, the State claims that defendant's petition did not include any allegations to show that his more than five-year delay in filing his postconviction petition was not due to his culpable negligence. Defendant argues that despite the fact that his petition was untimely filed, he is not culpably negligent where he filed a petition that relies upon a change in the law. In support of his position, defendant relies on *People v. Ramirez,* 361 Ill. App. 3d 450, 837 N.E.2d 111 (2005).

1-06-2610

In *Ramirez*, the defendant pled guilty to armed violence and was sentenced to a 12 1/2 year prison sentence on November 7, 1995. At the time the defendant pled guilty , he was admonished by the trial court that the minimum sentence for his conviction was 10 years. The usual six-year minimum sentence for armed violence was not applied because, at the time, Public Act 88-680 (Pub. Act 88-680, eff. January 1, 1995), also known as the Safe Neighborhoods Act, increased the minimum sentence for offenses involving certain weapons. Four years after the defendant was sentenced, the Safe Neighborhoods Act was declared unconstitutional by the Illinois Supreme Court in *People v. Cervantes*, 189 Ill. 2d 80, 723 N.E.2d 265 (1999). After the striking of the Safe Neighborhoods Act, the law remained as it had been prior to Public Act 88-680, so the minimum sentence the defendant faced was six years' imprisonment. On May 27, 2003, the defendant filed a post-conviction petition seeking relief based on *Cervantes*. The State moved to dismiss the petition based on the fact that it was untimely filed. After a hearing, the trial court denied the State's motion and ordered the State to answer the defendant's petition. The trial court ultimately denied the defendant's petition following another hearing. *Ramirez*, 361 Ill. App. 3d at 455, 837 N.E.2d 111.

On appeal, the defendant argued that the untimeliness of his petition was not due to his culpable negligence because he did not have the benefit of the *Cervantes* precedent until four years after his conviction. Thus, he could not have filed his postconviction petition within the three-year time limit. Citing *People v. Lee*, 326 Ill.

11

App. 3d 882, 762 N.E.2d 18 (2001) (defendant was not culpably negligent for filing his petition two months after a supreme court decision changed the applicable law), and *People v. Hernandez*, 296 Ill. App. 3d 349, 694 N.E.2d 1082 (1998) (defendant was not culpably negligent for filing his petition 11 months after a change in the law), the *Ramirez* court agreed with the defendant, finding that the defendant was not culpably negligent for failing to file his petition prior to *Cervantes* being decided. However, the court ultimately concluded that the defendant was culpably negligent when he filed his petition 3 1/2 years after *Cervantes* was decided. *Ramirez*, 361 Ill. App. 3d at 453, 837 N.E.2d 111.

The State claims that, unlike *Ramirez*, *Whitfield* did not represent a change the law. The State claims that *Whitfield* was decided on principles well established long before defendant's petition was due. Defendant suggests that the application of contract principles to plea bargains, the prohibition of unilateral changes in the terms and its application to the failure to admonish regarding MSR had never been fully explored by our supreme court until *Whitfield*. Consequently, defendant states, the *Whitfield* decision represents a change in the law.

We agree with the State. *Whitfield* does not represent a change in the law so as to excuse the untimely filing of defendant's petition. Our supreme court first decided that a defendant must be admonished of the mandatory period of parole (now called MSR) in 1975 in *People v. Wills*, 61 Ill. 2d 105, 330 N.E.2d 505 (1975). The *Wills* court held that compliance with "Rule 402(a)(2) requires that a defendant be admonished

that the mandatory period of parole [now called mandatory supervised release] pertaining to the offense is a part of the sentence that will be imposed." *Wills*, 61 Ill. 2d at 109, 330 N.E.2d 505 . The court again considered a similar issue in *People v. McCoy*, 74 Ill. 2d 398, 385 N.E.2d 696 (1979). The *McCoy* court determined that the defendant was not entitled to postconviction relief despite the fact that he was not admonished of the parole period because he entered into an open plea agreement where the State only promised to recommend a sentence. *McCoy*, 74 Ill. 2d at 403, 385 N.E.2d 696 .

This court has also had the opportunity to consider error has occurred when a trial court has failed to admonish a defendant that he will be required to serve a period of MSR subsequent to his incarceration, when the plea agreement is negotiated and the defendant agrees to a specific sentence. In *People v. Russell*, 345 Ill. App. 3d 16, 20-21, 801 N.E.2d 977 (2003), this court found that the defendant stated the gist of a constitutional claim when he argued in his timely postconviction petition that the trial court failed to inform him of MSR and remand to the trial court was necessary so that the defendant's petition could be advanced to the second stage. In *People v. Didley*, 213 Ill. App. 3d 910, 915, 572 N.E.2d 423 (1991), defendant was granted postconviction relief on the basis that his plea was involuntary because the trial court failed to admonish him that he would be required to serve MSR. Similarly, in *People v. O'Toole*, 174 Ill. App. 3d 800, 801 , 529 N.E.2d 54 (1988), the defendant was entitled to postconviction relief on his timely filed petition because his due process rights were

violated when the trial court failed to advise him that a term of MSR would be added to his "flat ten year" sentence.   Finally, in *People v. Kull*, 171 Ill. App. 3d 496, 525 N.E.2d 1223 (1988), this court found that plain error occurred because the defendant pled guilty in exchange for a 22-year sentence, but was given 22 years plus and additional 3 years' MSR.

Certainly, the argument advanced by defendant here is not a novel one, nor without the benefit of *Whitfield*, did it lack a legal basis.  See *Bousley v. United States*, 523 U.S. 614, 622, 140 L. Ed. 2d 828, 840 ,118 S. Ct. 1604, 1611 (1998).  A criminal defendant cannot sit idly back waiting for our supreme court to decide an issue potentially relevant to his case.  Defendant could have and should have raised this claim in a timely fashion.

The untimeliness of defendant's petition is absolutely relevant in this case. Because defendant's petition was untimely and because he failed to establish a lack of culpable negligence, the trial court erred in granting defendant postconviction relief. Whether defendant would have been granted postconviction relief *if* he filed a timely petition without the benefit of the *Whitfield* decision is irrelevant to the issue before us. Furthermore, while the *Whitfield* court unequivocally determined that a defendant who was not admonished of MSR was entitled to one of two remedies at law, a change in available remedies does not represent a change in law that would excuse the untimely filing of a post-conviction petition.

Finally, we note that, after the briefs in this case were filed, the State attempted

to argue an additional point not included in its briefs.  The State sought and was granted leave to file additional authority on January 7, 2008,  wherein it argued that, similar to *People v. Adams*, 373 Ill. App. 3d 991, 869 N.E.2d 856 (2007), the plea agreement in this case was not negotiated and therefore defendant was not entitled to postconviction relief.  As pointed out by defendant's counsel at oral argument, the State initially cited *Adams* in its reply brief on page 10 for the proposition that "new authority alone does not resuscitate an untimely asserted claim."

The purpose of allowing parties to cite additional authority is to bring this court's attention to relevant or dispositive case law that was decided after the parties' briefs were filed.  While we attempt to give the parties the benefit of the doubt when they seek to file additional authority, we certainly do not appreciate the State's attempt here to "sneak in" a new argument obviously initially overlooked, based on a case that was clearly available at the time its briefs were filed.  Consequently, any and all arguments raised in the State's motion to cite additional authority will be disregarded.

Based on the foregoing, this cause is reversed and remanded to the trial court. The trial court is instructed to vacate its order granting defendant postconviction relief, to vacate the reduction in sentence it allowed on August 8, 2006, and to reinstate the sentence initially imposed on September 19, 1997.

Reversed and remanded.

HOFFMAN, P.J., and SOUTH, J., concur.

1-06-2610