FIRST DIVISION
November 24, 2008

No. 1-07-1385

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS MUNIZ, | ) | Honorable |
| | ) | James M. Schreier, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

In 1982, defendant Carlos Muniz pleaded guilty to murder and armed robbery in exchange for concurrent prison terms of 60 and 30 years. In 2007, after several previous challenges to his conviction, defendant filed a petition for post-judgment relief asking that his prison sentences be reduced by three years because the trial court did not admonish him of the mandatory supervised release (MSR) period he would have to serve after he completed his prison sentence. The circuit court agreed and reduced defendant's prison terms to 57 and 27 years. The State appeals, contending that defendant's claim was procedurally defaulted and that the trial court erred in granting relief over the State's objection that defendant's petition was untimely. Defendant responds that the MSR claim at issue here is not subject to procedural default. For the following reasons, we agree with the State.

On September 27, 1982, defendant entered a negotiated plea of guilty to murder, felony murder and armed robbery in the death

of Michael Schmidt.  The court imposed the agreed upon sentence, which consisted of two concurrent terms of 60 years for the murder convictions and a concurrent 30-year term for armed robbery.  Prior to accepting the plea, the trial court failed to admonish defendant regarding the three-year MSR period he would serve in addition to his sentence.  Defendant filed a motion to vacate his plea, which the trial court denied following a hearing.

On direct appeal, we vacated defendant's conviction and sentence for felony murder (Count III) under the one-act, one-crime rule and affirmed the judgment in all other respects. People v. Muniz, No. 1-82-2694 (1984) (unpublished order under Supreme Court Rule 23).

In June 2001, defendant filed a *pro se* post-conviction petition challenging his sentences under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).  The trial court granted the State's motion to dismiss defendant's petition and we affirmed.  People v. Muniz, No. 1-02-2617 (2003)(unpublished order pursuant to Supreme Court Rule 23).

In October 2006, defendant filed a second *pro se* post-conviction petition, alleging for the first time that the trial court failed to admonish him regarding the three-year MSR period. Defendant requested that the court modify his sentence by granting him a three-year sentence reduction or allowing him to

vacate his plea. The trial court denied defendant's post-conviction petition, stating, "[t]he sentence in this case was imposed in 1982. The petition, post-relief petition is denied." In a written order, the trial court denied the petition as "patently without merit." Defendant filed an appeal in case 1-07-0473.

In February 2007, while the appeal in case 1-07-0473 was pending, defendant filed a pro se petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2006)), alleging his negotiated plea made no reference to the MSR term that would be added to his sentence. Defendant asserted that his plea was not knowing or voluntary because the trial court did not tell him that he would automatically receive a term of MSR. Defendant stated that he was unaware of the MSR term until "recently" told by "effective legal assistance and parole staff." Defendant requested enforcement of the negotiated plea agreement as he understood it by modifying his 60-year prison term to 57 years plus the 3-year term of MSR.

The trial court appointed counsel to represent defendant in the section 2-1401 proceeding, and the State filed a motion to dismiss the petition. In the motion, the State alleged that defendant's petition did not meet the time requirements of section 2-1401 and was therefore procedurally defaulted. The trial court denied the State's motion to dismiss, finding that

1-07-1385

defendant had a viable claim under People v. Whitfield, 217 Ill. 2d 177, 840 N.E.2d 658 (2005). The court accordingly reduced defendant's prison sentence to 57 years for murder and 27 years for armed robbery. [1] The State appeals from that judgment.

On appeal, the State contends that the trial court erred in granting defendant relief over the State's objection that the section 2-1401 petition was untimely.

There is no dispute that, absent procedural default, defendant would have been entitled to the relief granted by the trial court. In Whitfield, our supreme court held that a defendant who enters a negotiated plea but is not informed of the required MSR term is entitled to the benefit of the bargain by having his prison sentence reduced by the length of the MSR term. Whitfield, 217 Ill. 2d at 205. However, Whitfield involved a timely postconviction petition. The question before us is not whether defendant has a meritorious claim, but whether he properly asserted it in a section 2-1401 petition filed 24 years after his conviction.

Section 2-1401 is intended to correct errors of fact, unknown to the petitioner and the court at the time of the judgment, which would have prevented the rendition of the judgment had they been known. People v. Pinkonsly, 207 Ill. 2d

---

[1] After this relief was granted, defendant dismissed his appeal in number 1-07-0473.

1-07-1385

555, 565-66, 802 N.E.2d 236 (2003). The petition must be filed no later than two years after the judgment, unless the petitioner is under legal disability or duress, or the ground for relief is fraudulently concealed. 735 ILCS 5/2-1401(c) (West 2006); People v. Vincent, 226 Ill. 2d 1, 7, 18, 871 N.E.2d 17 (2007). If these requirements are not met, the petition "cannot be considered." Pinkonsly, 207 Ill. 2d at 562. However, a request for relief from a void judgment is not affected by the limitations period. 735 ILCS 5/2-1401(f) (West 2006). Also, in a criminal case, the State may waive the limitations period by not raising a timeliness challenge in the trial court. Pinkonsly, 207 Ill. 2d at 564.

Here, defendant filed his petition 24 years after the judgment being challenged, and there is no suggestion of legal disability, duress or fraudulent concealment. Although defendant's brief asserts, in a single sentence, that his claim "raises the same concerns associated with void sentences," he does not argue that the judgment was void. In People v. Molina, 379 Ill. App. 3d 91, 96, 882 N.E.2d 1212 (2008), a case in which we applied procedural default to an MSR claim raised in a successive postconviction petition, we recognized that "Whitfield did not address the issue of whether the defendant's plea was void." Under these circumstances, where defendant's petition was neither timely nor void, and the State raised the bar of

untimeliness in the trial court, the trial court erred in granting the petition.

Defendant tries to circumvent the procedural bar by asking us not to "pigeonhole" his claim into "section 2-1401's two-year statute of limitations and the statutory exceptions to that filing deadline." But it is defendant who chose to bring his claim under section 2-1401, and the trial court's judgment on the petition is the only judgment before us in this appeal.

Defendant then argues that a Whitfield claim cannot be procedurally defaulted if (1) the trial court did not inform the defendant about MSR, and (2) the defendant did not learn that he was subject to MSR until he was in prison, sometime after the time to directly appeal had expired. See Whitfield, 217 Ill. 2d at 180-81. He points out that the second district adopted this position in People v. Welch, 376 Ill. App. 3d 705, 877 N.E.2d 134 (2007), where it granted relief on a successive postconviction petition without considering whether the defendant met the cause-and-prejudice test.

We are not persuaded by Welch. As the dissenting justice pointed out, the majority based its decision on when the defendant allegedly became aware that he had a legal claim involving MSR instead of when he became aware of the fact that he would have to serve MSR. Welch, 376 Ill. App. 3d at 710-11 (J. Gilleran Johnson, dissenting). Also, in Molina, this district

recently applied procedural default to an MSR claim raised in a successive postconviction petition.  In doing so, we rejected the interpretation of Whitfield advanced in Welch, and held that "Whitfield does not represent a change in the law so as to excuse the untimely filing of defendant's petition."  Molina, 379 Ill. App. 3d at 98.  We adhere to the reasoning of Molina and conclude that the trial court erred in granting defendant relief.

Based on the foregoing, this cause is reversed and remanded to the trial court to vacate its order granting relief and to vacate the sentence reduction it allowed, reinstating the concurrent 60-year and 30-year sentences initially imposed.  See Molina, 379 Ill. App. 3d at 100.

Reversed and remanded.

R. GORDON, P.J., and GARCIA, J., concur.

1-07-1385

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| | |
|---|---|
| Please use following form:<br><br>Complete<br>TITLE<br>of Case | THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>Plaintiff-Appellant<br><br>v.<br><br>CARLOS MUNIZ,<br><br>Defendant-Appellee. |
| Docket Nos.<br><br>COURT<br><br>Opinion<br>Filed | No. 1-07-1385<br><br>Appellate Court of Illinois<br>First District, 1st Division<br><br>November 24, 2008<br><br>(Give month, day and year) |
| JUSTICES | JUSTICE WOLFSON delivered the opinion of the court:<br><br>GORDON, P.J., and GARCIA, J., concur. |
| APPEAL from the Circuit Court of Cook County; the Hon._____, Judge Presiding. | Lower Court and Trial Judge(s) in form indicated in margin:<br><br>Appeal from the Circuit Court of Cook County.<br><br>The Hon. James M. Schreier, Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith, of Chicago<br><br><br>Joseph Brown, of counsel).<br><br>Also add attorneys for third-party appellants and/or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel.  Indicate the word NONE if not represented.<br><br>For Appellant, Richard A. Devine, State's Attorney of Cook County, of Chicago.  (James E. Fitzgerald, Michele Grimaldi Stein, and Miles J. Keleher, of counsel).<br><br>For Appellee, Patricia Unsinn, Deputy Defender, and Christopher Kopacz, Assistant Appellate Defender, Office of the State Appellate Defender, of Chicago.<br><br><br><br>(USE REVERSE SIDE IF NEEDED) |