**NOTICE**
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 160907-U

NO. 4-16-0907

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 23, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DEJUAN C. WRIGHT, | ) | No. 06CF1083 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding the trial court properly dismissed defendant's petition for relief from judgment brought pursuant to 735 ILCS 5/2-1401 (West 2014).

¶ 2    In January 2007, pursuant to a fully negotiated plea, defendant pleaded guilty to one count of criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 2006)), and was sentenced to a term of six years' imprisonment.

¶ 3    In August 2016, defendant *pro se* filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 *et seq.* (West 2014)), alleging his due process rights were violated where the trial court, in sentencing defendant, failed to admonish him of an indeterminate mandatory supervised release (MSR) term as set forth in section 5-8-1(d) of the Unified Code of Corrections (Corrections Code) (730 ILCS

5/5-8-1(d)(4) (West 2006)). The court ultimately dismissed defendant's section 2-1401 petition as untimely.

¶ 4　　　　On appeal, defendant argues the trial court erred in dismissing his section 2-1401 petition, stating the petition was timely filed and set forth a meritorious due process claim. We disagree and affirm.

¶ 5　　　　　　　　　　　　　I. BACKGROUND

¶ 6　　　　In July 2006, defendant was indicted on one count of predatory criminal sexual assault (count I) (720 5/12-14.1(a)(1) (West 2004)). The indictment alleged that defendant, who was 17 years of age or older, committed an act of sexual penetration with the victim, who was under 13 years of age when the act was committed.

¶ 7　　　　In January 2007, defendant entered into a fully negotiated plea, pleading guilty to a newly filed count of criminal sexual assault (count II) (720 ILCS 5/12-13(a)(2) (West 2004)). At the January 2007 sentencing hearing, the trial court admonished defendant, in pertinent part, as to the possible penalties for the offense charged:

> "THE COURT: [T]his is a Class 1 felony. That means a mandatory minimum sentence of four years, maximum sentence of 15 years. If you're sent to prison there's a period of mandatory supervised release of two years. The maximum fine could be up to $25,000.
>
> Do you understand those would be the maximum penalties for this offense? You have to answer out loud, sir.
>
> THE DEFENDANT: Yes."

¶ 8        Following the above admonishments, the trial court inquired as to the terms of the plea agreement, to which the prosecutor responded, stating as follows:

> "[I]n exchange for [defendant]'s offer to plead guilty to the newly-filed charge of criminal sexual assault, a Class 1 felony, we recommend he be ordered to serve six years in the Illinois Department of Corrections. He would receive credit for 190 days heretofore served. He'd be assessed a $200 genetic marker grouping analysis fee and court costs. He'd submit to HIV testing. He would submit the DNA standards. Count I will be dismissed on my motion. He would be certified as a sexual predator for purposes of the Sex Offender Registration Act."

¶ 9        The trial court subsequently confirmed with defendant his understanding of the terms of the plea agreement. Defendant acknowledged his agreement and indicated his desire to plead guilty. The court then stated:

> "Defendant will be sentenced to a period of incarceration in the Department of Corrections for six years. He'll get credit for 190 days heretofore served. He will submit specimens of blood, saliva or tissue to [the] Department of the State Police within 45 days. He will submit to testing for sexually transmittable diseases and will register as a sex offender."

¶ 10        The sentencing judgment entered on January 3, 2007, reflected defendant was convicted of count II and ordered to serve a six year prison term. However, the sentencing judgment did not reflect an MSR term to be served. Defendant did not file a motion to vacate

- 3 -

judgment and withdraw his guilty plea or admission, direct appeal, or postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2006)).

¶ 11     In August 2016, more than nine years after his sentencing, defendant *pro se* filed a petition captioned "Motion For Relief From Judgment Pursuant to 735 ILCS 5/2-1401" (735 ILCS 5/2-1401 *et seq.* (West 2014)). Defendant alleged, *inter alia*, his constitutional rights to due process had been violated as a result of the trial court's failure to admonish him of the indeterminate three-years-to-life MSR term mandated by section 5-8-1(d) of the Corrections Code (730 ILCS 5/5-8-1(d)(4) (West 2006)). Because "he was not properly admonished," defendant contended he did not enter into his plea "knowingly and voluntarily," as he only agreed to a sentence of "6 years at 85%." Defendant further alleged that had he been aware of the additional MSR term, "he would not have agreed to this *** agreement."

¶ 12     The State filed a motion to dismiss, arguing defendant's petition was untimely filed as it was filed nine years after he pleaded guilty. The trial court agreed and dismissed defendant's petition.

¶ 13     This appeal followed.

¶ 14                              II. ANALYSIS

¶ 15     On appeal, defendant argues the trial court erred in dismissing his section 2-1401 petition, stating the petition was timely filed and set forth a meritorious due process claim. We disagree.

¶ 16     Section 2-1401 of the Code states, in relevant part:

> "Relief from final orders and judgments, after 30 days from
> the entry thereof, may be had upon petition as provided in this
> Section.

- 4 -

* * *

[T]he petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." 735 ILCS 5/2-1401(a), (c) (West 2014).

¶ 17 Section 2-1401 provides a civil remedy that extends to both civil and criminal cases. *People v. Vincent*, 226 Ill. 2d 1, 8, 871 N.E.2d 17, 22-23 (2007). "[W]hen a court enters either a judgment on the pleadings or a dismissal in a section 2-1401 proceeding, that order will be reviewed, on appeal, *de novo.*" *Id.* at 18.

¶ 18 In his brief, defendant contends his section 2-1401 petition was timely filed. He argues, in part, as follows:

"[B]ecause the judgment sheet [*sic*] has never been amended to include the statutorily required three-years-to-life MSR term that [defendant] is challenging, the two-year filing period has not been triggered.

* * *

Alternatively, even assuming that IDOC triggered the two-year statutory clock when it changed [defendant's] MSR term to three-years-to-life, the court erred in dismissing his petition as untimely because there was no evidence in the record as to when the two-year filing period was triggered."

¶ 19 Here, we find the plain language of section 2-1401 requires us to reject defendant's argument. Section 2-1401 clearly states that a petition brought under that section is

untimely if it is filed "later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2014). Further, it excludes from its two-year calculation *only* such periods when the person "is under legal disability or duress or the ground for relief is fraudulently concealed \*\*\*." 735 ILCS 5/2-1401(c) (West 2014). As previously stated, defendant's sentencing judgment was entered on January 3, 2007. Therefore, absent a tolling of the two-year filing period for any of the above statutory reasons, defendant was required to file his petition for relief from judgment by January 3, 2009, in order for it to be considered timely under section 2-1401. Defendant does not claim any of the tolling provisions apply, and the record plainly demonstrates his section 2-1401 petition was filed more than nine years after the sentencing judgment was entered. We further note that while a request for relief from a void judgment is not affected by section 2-1401's two-year limitation period (see 735 ILCS 5/2-1401(f) (West 2014)), defendant does not argue the trial court's judgment was void.

¶ 20        Based on the above, we find defendant's section 2-1401 petition was not timely filed and the trial court's dismissal of his petition was proper. See *People v. Muniz*, 386 Ill. App. 3d 890, 893, 899 N.E.2d 428, 431 (2008) (trial court erred in denying State's motion to dismiss defendant's section 2-1401 petition where petition was filed 24 years after the judgment being challenged and there was no suggestion of legal disability, duress, or fraudulent concealment.).

¶ 21                                III. CONCLUSION

¶ 22        For the foregoing reasons, we affirm the trial court's judgment.

¶ 23        Affirmed.