NOTICE
Decision filed 11/08/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231057-U

NO. 5-23-1057

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 08-CF-1053 |
| | ) | |
| CORNELIUS L. JONES, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly dismissed defendant's section 2-1401 petition where the issue was barred by *res judicata*, defendant having raised the identical issue in two prior collateral actions. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Cornelius L. Jones, appeals the circuit court's order dismissing his petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that defendant's claim is barred by *res judicata* and, accordingly, there is no reasonably meritorious argument that the court erred in dismissing the petition. Thus, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion, this court has provided him with an

1

opportunity to respond, and he has filed a response. However, after considering the record on appeal, OSAD's motion and supporting brief, and defendant's response, we agree that this appeal presents no issue of arguable merit. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                      BACKGROUND

¶ 4      Following a jury trial in 2008, defendant was convicted of the first degree murder of Benny Topps and sentenced to 60 years' imprisonment. In addition to a direct appeal, defendant has pursued several collateral challenges to his conviction. The present appeal concerns his second section 2-1401 petition. We recite only the facts necessary to understand the issues raised in this appeal.

¶ 5      Before trial, defendant moved to suppress evidence. Testimony at the hearing on his motion showed that Topps was shot in an alley in Decatur. Eyewitnesses told detective Edward Cunningham, who arrived at the scene a few minutes after the shooting, that two black men in a gold Cadillac parked in the alley where the shooting occurred. The passenger, who wore a hat with dreadlocks, exited the Cadillac, fired a weapon, and returned to the car. Another witness described the Cadillac as gray and said the shooter wore a novelty hat with dreadlocks attached. Cunningham relayed this information over the radio.

¶ 6      Sangamon County State's Attorney's Investigator Steven Gudgel heard the description of the car and the suspects over the radio. A few minutes later, he spotted a Cadillac matching the description and containing two black men heading west on Interstate 72 toward Springfield. Gudgel radioed State Trooper Anthony Maro to stop the Cadillac while Gudgel continued to follow it. At one point, Maro pulled alongside Gudgel's car. Gudgel signaled to Maro that the car in front of him was the one in question, so Maro effected a traffic stop. With guns drawn, both men

2

approached the Cadillac. They ordered the driver and the passenger—defendant—out of the car and handcuffed them. From outside the car, both saw a live bullet and a spent shell casing. Maro then searched the Cadillac, recovering two handguns and a black duffle bag contained a dreadlocks "novelty" hat.

¶ 7 Maro testified consistently with Gudgel that he effected the traffic stop and searched the car. The circuit court denied the motion to suppress.

¶ 8 At trial, witnesses described a confrontation between defendant and Topps at an auto repair shop. One witness saw the two men go outside and later heard gunshots. Another witness described seeing the two men talking behind the Cadillac. As Topps turned to walk away, the witness heard a shot. After Topps fell to the ground, "the dude came up and finished shooting him."

¶ 9 The victim's brother testified that defendant gave Topps $45,000 to purchase cocaine for him, but Topps returned with neither the money nor the cocaine. Gudgel and Maro testified consistently with their testimony at the suppression hearing.

¶ 10 Defendant testified that his dispute with Topps involved construction equipment, not drugs. When defendant asked for his money back, Topps threatened him. When he went to talk to Topps, he brought two guns with him because of the earlier threat. Topps was agitated and, when he reached for something, defendant shot him out of fear that Topps was going to kill him. The jury found defendant guilty, and the court sentenced him to 60 years' imprisonment.

¶ 11 On direct appeal, the Fourth District rejected defendant's arguments that the trial court erred in refusing to instruct the jury on self-defense and that the prosecutor, during closing argument, improperly shifted the burden of proof. The court thus affirmed defendant's conviction. *People v. Jones*, No. 4-09-0136 (2009) (unpublished order under Illinois Supreme Court Rule 23) (*Jones I*).

¶ 12    Defendant filed a postconviction petition alleging that trial counsel was ineffective for misinforming him about the availability of self-defense and failing to subpoena two mitigation witnesses prior to sentencing. He also alleged that appellate counsel had been ineffective for failing to raise the closing argument issue as plain error. The court summarily dismissed the petition, and the Fourth District affirmed. *People v. Jones*, 2014 IL App (4th) 121038-U (*Jones II*).

¶ 13    Defendant then sought leave to file a successive postconviction petition alleging that he was denied due process, trial counsel was ineffective for failing to preserve a fourth amendment argument, and direct appeal counsel was ineffective for failing to properly raise a fourth amendment argument. The court denied leave to file, and the Fourth District affirmed. *People v. Jones*, 2017 IL App (4th) 141114-U (*Jones III*).

¶ 14    Defendant sought to file a second successive postconviction alleging additional instances of ineffective assistance of counsel. The court denied leave to file, and the Fourth District affirmed. *People v. Jones*, 2021 IL App (4th) 190166-U (*Jones IV*).

¶ 15    In 2020, defendant filed a section 2-1401 petition. Citing *People v. Ringland*, 2017 IL 119484, he alleged that evidence from the traffic stop should have been suppressed because, as a state's attorney's investigator, Gudgel was not authorized to conduct traffic stops. The court denied the petition. On appeal, the Fourth District concluded that Gudgel's conduct was distinguishable from the special investigator's conduct in *Ringland*, because he did not independently conduct a traffic stop, and merely assisted law enforcement. *Jones*, No. 4-20-0520 (2022), slip order at 3-4 (unpublished summary order under Illinois Supreme Court Rule 23(c)) (*Jones V*).

¶ 16    In 2021, defendant sought to file a third successive postconviction petition. He alleged that counsel was ineffective for failing to argue at the suppression hearing that Gudgel acted outside the scope of his authority. In denying leave to file, the circuit court found that the evidence

4

established that Maro made the traffic stop. The court acknowledged that Gudgel followed defendant's vehicle and notified Sangamon County dispatch but noted that the investigator "did not stop the vehicle, search the vehicle or arrest the defendant."

¶ 17 On appeal, the Fourth District found that defendant could not establish the cause and prejudice necessary to file a successive petition where he raised an almost identical issue in his section 2-1401 petition and the appellate court had previously reasoned that Gudgel's actions were distinguishable from those at issue in *Ringland* because Gudgel did not act independently. *People v. Jones*, No. 4-21-0459 (2022), slip order at 4 (unpublished summary order under Illinois Supreme Court Rule 23(c)) (*Jones VI*).

¶ 18 The court further concluded that, to the extent defendant suggested Gudgel's conduct of locating a wanted vehicle and reporting its location to law enforcement was outside his authority as a special investigator, the supporting evidence showed that Gudgel acted on a general request for assistance by a law enforcement agency, which would place his conduct within his common-law duty to investigate suspected criminal activity. *Id.* at 6. The court also noted that, even if the conduct was unauthorized, *Ringland* did not suggest that this would invalidate a subsequent stop, arrest, and search by law enforcement. *Id.*

¶ 19 On June 7, 2023, defendant filed the section 2-1401 petition at issue here. Again citing *Ringland*, he argued that the State violated his due process rights by allowing Gudgel to testify falsely at the suppression hearing and again at trial about an investigation that he had no statutory or common law authority to conduct. He contended that Gudgel is not a police officer, and conducting investigations to assist the state's attorney does not include patrolling the highway and engaging in law enforcement.

5

¶ 20     The petition alleged that the State knowingly used perjured testimony and, if the court had been aware that a special investigator is not a police officer, it would have granted the suppression motion. The court *sua sponte* dismissed the petition on August 8, 2023. The court found that the petition was untimely, but also that the appellate court had previously held that the investigator's actions were permissible under *Ringland*.

¶ 21     Defendant moved to reconsider, arguing for the first time that the State fraudulently concealed Gudgel's limited authority and committed a *Brady* violation by failing to turn over "evidence" that Gudgel did not have full police powers. Defendant argued that collateral estoppel should not apply because he was presenting "newly-discovered evidence" and not raising the same claim he had raised previously.

¶ 22     The court denied the motion to reconsider, finding that the record did not show that the State had fraudulently concealed anything and that the appellate court had previously ruled on issues related to Gudgel's participation in the traffic stop. Defendant timely appealed.

¶ 23                                  ANALYSIS

¶ 24     OSAD concludes that there is no arguably meritorious contention that the circuit court erred in dismissing defendant's petition. OSAD contends that the court correctly held that the petition was time-barred, and that defendant's claim was barred by *res judicata*.

¶ 25     Petitions under section 2-1401 are "intended to correct errors of fact, unknown to the petitioner and the court at the time of the judgment, which would have prevented the rendition of the judgment had they been known." *People v. Muniz*, 386 Ill. App. 3d 890, 893 (2008). To be entitled to relief, a petitioner must set forth (a) a meritorious claim or defense, (b) due diligence in presenting the claim or defense in the original action, and (c) due diligence in filing the petition.

6

*People v. Coleman*, 206 Ill. 2d 261, 289 (2002). A petition must also "be supported by an affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b) (West 2022).

¶ 26    We note that the court dismissed the petition *sua sponte* in part on the ground that it was untimely. Generally, a circuit court may not *sua sponte* dismiss a section 2-1401 petition on this basis. *People v. Cathey*, 2019 IL App (1st) 153118, ¶ 16. This is because timeliness under section 2-1401 is an affirmative defense that the opposing party may waive or forfeit by failing to raise it. *Id.* (citing *People v. Pinkonsly*, 207 Ill. 2d 555, 562-63 (2003)). Thus, the court erred to the extent it dismissed the petition on the ground that it was not filed on time. However, any error was harmless because the court also dismissed the petition on the ground that its claim was barred by *res judicata*. A court may *sua sponte* dismiss a section 2-1401 petition on the ground of *res judicata*. *People v. Oliver*, 2021 IL App (1st) 181605, ¶ 21. Thus, we consider whether the court properly held that defendant's claim was barred by *res judicata*.

¶ 27    The doctrine of *res judicata* provides that when a court of competent jurisdiction renders a final judgment on the merits of a claim, the court's judgment is conclusive of the parties' rights and bars future litigation of the same claim. *People v. Croft*, 2018 IL App (1st) 150043, ¶ 16. The supreme court has adopted the "transactional test," by which separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998). A ruling on a postconviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition. *People v. Gosier*, 205 Ill. 2d 198, 203 (2001).

¶ 28    In his first section 2-1401 petition, defendant, citing *Ringland*, contended that "evidence that the State use[d] against petitioner was obtained pursuant to an unlawful search by a special

7

investigator for the Sangamon County State's Attorney that exceeded the scope of his duties [pursuant to] section 3-9005(b)."

¶ 29 Section 3-9005(b) of the Counties Code provides, in relevant part, "The State's Attorney of each county shall have authority to appoint one or more special investigators to serve subpoenas and summonses, make return of process, and conduct investigations which assist the State's Attorney in the performance of the State's Attorney duties." 55 ILCS 5/3-9005(b) (West 2022).

¶ 30 Ostensibly pursuant to that authority, the La Salle County State's Attorney formed a team of special investigators to serve as a drug interdiction unit along Interstate 80. *Ringland*, 2017 IL 119484, ¶ 6. In *Ringland*, four people arrested by that unit moved to suppress evidence on the ground that the investigators had exceeded their authority. In each case, the circuit court granted the motions, and the appellate court affirmed.

¶ 31 The supreme court, after analyzing the statutory and common-law duties of state's attorneys, concluded that "the State's Attorney's common-law duty to investigate suspected illegal activity is limited to circumstances where other law enforcement agencies inadequately deal with such investigation [citation] or where a law enforcement agency asks the State's Attorney for assistance." *Id.* ¶ 25. Thus, the investigators had exceeded their statutory powers by initiating traffic stops.

¶ 32 The trial court denied the petition. On appeal, the Fourth District noted that the petition was time-barred. The court further noted that Gudgel's actions were distinguishable from those of the investigators in *Ringland*, who independently initiated traffic stops. *Jones V*, slip order at 3-4 (citing *Ringland*, 2017 IL 119484, ¶ 4). The court observed:

"In this case, defendant's supporting evidence indicates an area wide communication was made to law enforcement agencies about a specific crime and a vehicle description was

8

given. Gudgel heard the description and located a vehicle matching the description. Gudgel did not immediately make the traffic stop but instead waited for an Illinois state trooper to arrive before the vehicle was stopped. Gudgel approached the vehicle with the trooper and assisted with the investigation. Gudgel did not act independently like the special investigator in *Ringland*." *Id.* at 4.

¶ 33 While that appeal was pending, defendant sought leave to file a successive postconviction petition. He argued that trial counsel was ineffective for failing to argue at the suppression hearing that Gudgel's actions were unauthorized, and that direct-appeal counsel was ineffective for failing to raise the issue. The circuit court denied leave to file.

¶ 34 On appeal, the Fourth District noted that defendant had raised a nearly identical issue in his section 2-1401 petition. The court reiterated its conclusion that Gudgel's actions were distinguishable from those at issue in *Ringland*. The court noted that defendant's supporting evidence showed that the state trooper initiated the traffic stop, searched the vehicle, and took defendant into custody. *Jones VI*, slip order at 6. Defendant's evidence suggested that "Gudgel acted on a general request for assistance by a law enforcement agency, which would render his conduct within his common-law duty to investigate suspected criminal activity." *Id.* Finally, the court concluded that, even if Gudgel's actions were somehow unauthorized, that fact would not invalidate a subsequent traffic stop and search by law enforcement. *Id.*

¶ 35 Defendant's current petition is clearly based on the same set of operative facts as his previous two pleadings: that Gudgel acted outside his statutory authority by participating in the traffic stop. In his first section 2-1401 petition, defendant contended that the allegedly illegal stop rendered his conviction void. In his most recent successive postconviction petition, he alleged that counsel was ineffective for failing to raise the issue. In his current petition, he alleged that the State

9

violated his due process rights by presenting perjured testimony. In the motion to reconsider, he claimed that the State fraudulently concealed Gudgel's lack of authority and committed a *Brady* violation. See *Brady v. Maryland*, 373 U.S. 83 (1963). However, the same "operative facts" are central to each claim: that Gudgel acted outside his authority. The trial and appellate courts have already held twice that Gudgel was within his authority. *Res judicata* bars relitigating the same claim under different legal theories. *River Park*, 184 Ill. 2d at 311.

¶ 36     In his response in this court, defendant does not directly address the *res judicata* issue. He merely reargues his theory that Gudgel exceeded his authority. He seems to imply that the State's failure to disclose that Gudgel was not a true police officer and had limited statutory authority prevented defendant from raising the issue earlier. However, he clearly was aware of Gudgel's limited authority by the time he filed his first section 2-1401 petition and his third successive postconviction petition, as he alleged precisely the same thing in those pleadings. In any event, as defendant has argued repeatedly, Gudgel's authority is defined by law. " '[A]ll citizens are charged with knowledge of the law' " and " '[i]gnorance of the law or legal rights will not excuse a delay in filing a lawsuit.' " *People v. Evans*, 2013 IL 113471, ¶ 13 (quoting *People v. Lander*, 215 Ill. 2d 577, 588 (2005)).

¶ 37     Defendant offers no new evidence and cites no additional cases that would cast doubt on the conclusion that Gudgel was acting within the scope of his authority or, if he was not, that this would taint the subsequent vehicle stop and search.

¶ 38     Finally, OSAD concludes that there is no meritorious contention of procedural error in dismissing the petition. Once a defendant files a section 2-1401 petition, the State has 30 days to file an answer or other response. 735 ILCS 5/2-1401 (West 2022); *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). The circuit court may not *sua sponte* dismiss a petition before the 30 days have

10

passed. *Laugharn*, 233 Ill. 2d at 323. If the State fails to respond within 30 days, the petition is ripe for adjudication and the court can grant or dismiss it *sua sponte*. See *People v. Matthews*, 2016 IL 118114, ¶ 8; *People v. Vincent*, 226 Ill. 2d 1, 9 (2007).

¶ 39    Here, defendant filed his petition on June 7, 2023. The State did not file a responsive motion. On August 8, 2023, the court dismissed the petition. Defendant then filed a motion to reconsider, which the court denied. Accordingly, no meritorious argument can be made that the court failed to comply with section 2-1401's procedural requirements.

¶ 40                                CONCLUSION

¶ 41    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 42    Motion granted; judgment affirmed.