NOTICE
Decision filed 12/19/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240723-U

NOS. 5-24-0723, 5-24-0724 cons.

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Christian County. |
| | ) | |
| v. | ) | Nos. 04-CF-112, 04-CF-154 |
| | ) | |
| CHRISTOPHER J. COX, | ) | Honorable |
| | ) | Bryan M. Kibler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court properly dismissed the defendant's section 2-1401 petition where the issue was barred by *res judicata*, the defendant having raised the identical issue in two prior collateral actions. As any argument to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the trial court's judgment.

¶ 2   The defendant, Christopher J. Cox, appeals the trial court's order denying leave to file a successive postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes that there is no reasonably meritorious argument that the trial court erred in doing so. Accordingly, it has filed a motion for leave to withdraw as counsel on appeal and a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified the defendant of its motion. This court has provided him with an opportunity to respond and he has filed a response. However, after considering the record on appeal, OSAD's

1

motion and supporting memorandum, and the defendant's response, we agree that there is no issue that could support an appeal. Accordingly, we grant OSAD leave to withdraw and affirm the trial court's judgment.

¶ 3                                    BACKGROUND

¶ 4     Following a consolidated jury trial in 2005, the defendant was convicted in Christian County cases 04-CF-112 and 04-CF-154 of armed violence, aggravated unlawful restraint, unlawful restraint, aggravated fleeing to elude a peace officer, domestic battery, and disorderly conduct. On November 1, 2005, the trial court sentenced him to 22 years' imprisonment for armed violence and 3 years' imprisonment for unlawful restraint and aggravated fleeing to elude a peace officer. The defendant was sentenced to 364 days in county jail for domestic battery and 30 days for disorderly conduct. The aggravated unlawful restraint conviction was vacated as a lesser-included offense. In a docket entry dated November 1, 2005, the trial court found that the defendant caused the victim great bodily harm, meaning that he would have to serve 85% of the 22-year sentence.

¶ 5     On direct appeal, this court affirmed. *People v. Cox*, No. 5-06-0033 (2007) (unpublished order under Illinois Supreme Court Rule 23). We specifically rejected the defendant's argument that the trial court did not make the finding of great bodily harm required to impose the 85% requirement. We quoted the trial court's November 1, 2005, docket entry which stated that the offense " 'resulted in great bodily harm as the victim suffered a cut on her throat, numerous bruises to her body and face due to injuries inflicted by Defendant.' " (Emphasis omitted.) *Id.*, slip order at 10-11. We recounted the evidence at trial and in the victim-impact statement and found that it provided "ample support for the trial court's finding that the defendant caused great bodily harm." *Id.*, slip order at 11.

¶ 6    In 2007, the defendant filed a postconviction petition. The trial court dismissed it at the second stage. On appeal, this court granted OSAD's motion to withdraw and affirmed. *People v. Cox*, No. 5-08-0498 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7    In 2012, the defendant filed a section 2-1401 (735 ILCS 5/2-1401 (West 2012)) petition. The petition included numerous claims of a vast conspiracy against the defendant. It also alleged that requiring him to serve 85% of his sentence on the basis of the trial court's finding of great bodily harm violated due process, as a jury was required to make such a determination. The trial court dismissed the petition on the ground that it was untimely.

¶ 8    On appeal, we summarized some of the defendant's claims as follows: that "(1) [t]he State *** 'conspired' with Cox's wife and with various police officers to 'manufacture evidence' against him, including a 9-1-1 call and photographs of the crime scene and of Cox's wife's injuries *** [and] (2) at Cox's trial, and with the knowledge of the trial judge, the State relied on 'manufactured false evidence and testimony,' including 'bogus photographs' of Cox's wife, *** and *** some of the photographs admitted into evidence, and a doctor's report, showed that Cox's wife had not suffered any injuries at the hands of Cox." *People v. Cox*, 2014 IL App (5th) 120391-U, ¶ 7. We held, however, that the trial court properly dismissed the petition on the ground that it was untimely. *Id.* ¶ 14. We specifically discussed the defendant's argument about serving 85% of his sentence because, under the law at that time, a sentence not authorized by statute was void.[1] *Id.* ¶ 19. We held, however, that "[t]his order was entered pursuant to, and in accordance with, section 3-6-3(a)(2)(iii) of the Unified Code of Corrections," which was constitutional. *Id.* (citing 730 ILCS 5/3-6-3(a)(2)(iii) (West 2004)).

---

[1]Prior to 2015, a sentence that did not conform to statutory requirements was considered void. In *People v. Castleberry*, 2015 IL 116916, the court abolished the "void sentence" rule. Since that time, an impro*per se*ntence is merely voidable and not void. *Id.* ¶¶ 11-18.

¶ 9      In 2014, the defendant filed a "Motion for Order Nunc Pro Tunc," in which he again challenged the 85% order. He contended that the trial court did not find great bodily harm and that the victim's injuries did not amount to great bodily harm. The trial court dismissed the pleading on the ground of *res judicata*. The defendant filed an appeal but voluntarily dismissed it.

¶ 10     In 2019, the defendant filed a "Motion to Amend the Mittimus," seeking an amended mittimus "to reflect for the Illinois Department of Corrections that the defendant is serving a 50-percent sentence rather than an 85-percent sentence." The defendant alleged that the trial court had never found great bodily harm in an *oral* pronouncement. The trial court denied the motion, finding it "frivolous." This court affirmed. *People v. Cox*, No. 5-19-0389 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 11     On February 1, 2021, the defendant filed a motion for leave to file a successive postconviction petition. The defendant attached to the petition various photographs and documents. The trial court struck the pleading because the defendant's prior appeal was still pending.

¶ 12     On April 21, 2023, the defendant filed a motion for leave to file a successive postconviction petition in both 04-CF-112 and 04-CF-154 that is the subject of this appeal. The defendant's arguments are difficult to summarize, but they primarily relate to the alleged conspiracy among Christian County officials. The petition analyzes at length two photographs of the victim's injuries. The defendant alleged:

> "3. Visual analysis can now determine that all scratch marks on victim neck and under her chin area were caused to her on two separate occasions by someone other than Defendant sometime after 9/9/04., as victim photo evidence definitively shows.

4. This newly discovered evidence that was always part of the official record was not included at trial or 1st P.C. and this new claim is 'prejudicial' and if ever made in 1st P.C. the outcome would have been different.

\*\*\*

6. Forensic photo analysis not available at time of trial is now available and is being requested by Defendant to prove his actual innocence. A visual analysis is all that is needed here?"

¶ 13    In another section entitled "NEWLY DISCOVERED PHOTO EVIDENCE," the defendant alleges:

"Recently discovered by Defendant, looking at photo #8 both bottom parts of vertical and diagonal scratch marks visually shows up in photo #8. You can see victim is intentionally pressing her chin down towards her chest, wrinkling her neck, trying to hide her scratch marks, but was unsuccessful. Everyone missed this cruicial [*sic*] evidence that ties every photo that has scratch marks on her neck and under her chin area were caused to her after 9/9/04."

The petition continues in a similar vein, with the defendant alleging that virtually all of the evidence against him was false or fraudulent in some fashion. He further claimed that the state's attorney had placed the finding of great bodily harm in the record.

¶ 14    The trial court denied leave to file a successive postconviction petition. In a docket entry, the trial court found that the defendant, while claiming to have newly discovered evidence, had produced no new evidence "besides submitting some 'new photos' which don't amount to much." The trial court found that alleging a "police conspiracy" was not new evidence. The trial court

observed that the defendant had focused his attention on his actual-innocence claim and had not addressed the cause-and-prejudice test.

¶ 15    This court granted OSAD's motion to file late notices of appeal in both cases. We also consolidated the appeals.

¶ 16                                    ANALYSIS

¶ 17    OSAD concludes that there is no meritorious argument that the trial court erred in denying leave to file a successive postconviction petition. OSAD, like the trial court, concludes that the defendant has not made a sufficient claim of actual innocence. Indeed, the only evidence attached to the petition was also attached to earlier pleadings. Moreover, the defendant has not alleged cause or prejudice for failing to bring the claims in an earlier proceeding. Such a claim would fail in any event because the defendant not only could have, but actually did, bring nearly identical claims in multiple earlier proceedings. OSAD notes that, because the defendant raised the same or similar arguments earlier, they are also barred by *res judicata*.

¶ 18    The Post-Conviction Hearing Act (Act) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a) *et seq.* (West 2022); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). Proceedings under the Act are collateral. *People v. Edwards*, 2012 IL 111711, ¶ 21. As a result, issues that were decided on direct appeal or in previous collateral proceedings are barred by *res judicata* (*People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002)), and issues that could have been raised earlier, but were not, are forfeited (*People v. Blair*, 215 Ill. 2d 427, 443-44 (2005)).

¶ 19    The Act contemplates the filing of only one petition and provides that " '[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.' " *People v. Bailey*, 2017 IL 121450, ¶ 15 (quoting 725 ILCS 5/122-3 (West 2014)). The

bar against successive proceedings will be relaxed, however, on two grounds. *People v. Robinson*, 2020 IL 123849, ¶ 42. The first is where a petitioner can establish cause and prejudice for failing to assert a claim in an earlier proceeding. *Id.* (citing *Pitsonbarger*, 205 Ill. 2d at 459); see also 725 ILCS 5/122-1(f) (West 2022). The second is where a petitioner asserts a fundamental miscarriage of justice based on actual innocence. *Robinson*, 2020 IL 123849, ¶ 42. To establish a claim of actual innocence, the supporting evidence must be (1) newly discovered, (2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial. *Id.* ¶ 47.

¶ 20    Here, the defendant appears to rely on an actual-innocence claim. However, the "new" evidence had been included in the defendant's previous filings. It is unclear from the record whether the much-discussed photos were actually introduced into evidence at trial. Importantly, however, the defendant concedes that they were "always part of the official record." Thus, they were not newly discovered.

¶ 21    In any event, the "new" evidence would not have changed the result. As OSAD points out, evidence at trial included the victim's testimony and testimony from two officers who entered the home as the defendant was holding a knife to the victim's throat. The officers testified that the defendant cut the victim's throat in their presence. Thus, the defendant's obscure, often farfetched, speculation about what can be inferred from the photos would not likely have persuaded the jury to ignore the eyewitness testimony.

¶ 22    As OSAD points out, the defendant makes, at most, a halfhearted effort to meet the cause-and-prejudice test. "Cause," for purposes of the cause-and-prejudice test, has been defined as "some objective factor external to the defense [that] impeded counsel's efforts" to raise the claim in an earlier proceeding. (Internal quotation marks omitted.) *Pitsonbarger*, 205 Ill. 2d at 460.

7

¶ 23    The defendant identifies no "objective factor external to the defense" that prevented him from raising these claims earlier. Indeed, many, if not all of them, were raised in some form in the previous collateral proceedings. The defendant's section 2-1401 petition made nearly identical arguments that photos of the victim's injuries were altered and proved that the defendant did not cause the injuries. Similarly, arguments concerning the great bodily harm finding have been raised in numerous prior pleadings.

¶ 24    The defendant essentially concedes that the issues raised in his current petition could have been raised earlier. In connection with one argument, the defendant acknowledges that it was not raised in the "1st P.C.," but does not identify any external factor that prevented him from raising it there. In connection with another argument, he contends that "[e]veryone missed" it. The only person claiming not to have "missed" it is the defendant himself, and his failure to notice his latest interpretation of the evidence is not "cause" for not raising the issue earlier. The "cause" test would be a weak reed indeed if a defendant could, 20 years after his conviction, continue floating new interpretations of the evidence, asserting as "cause" nothing more than his failure to notice them earlier. Again, "cause" requires an objective factor external to the defense.

¶ 25    In his response, the defendant argues that *res judicata* does not apply but offers no reasoned argument why this is so. He appears to contend that because he believes he is "right," he should be able to relitigate issues *ad infinitum*. This is not the law. See *People v. Jones*, 2024 IL App (5th) 231057-U, ¶ 27 (*res judicata* provides that when a court of competent jurisdiction renders a final judgment on the merits of a claim, the judgment is conclusive of the parties' rights and bars future litigation of the same claim; claims will be considered the same if they arise from a single group of operative facts, regardless of whether they assert different theories of relief (citing *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998))).

¶ 26    The trial court's primary reasons for denying leave to file were that the defendant did not produce newly discovered evidence that would tend to prove his actual innocence or establish cause and prejudice for not raising the claims earlier. The defendant does not meaningfully address these concerns and primarily reiterates his conspiracy claims.

¶ 27                                    CONCLUSION

¶ 28    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the trial court's judgment.


¶ 29    Motion granted; judgment affirmed.